■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM BULLOCK, Appellant.— Appeal from a judgment of the County Court of Albany County, rendered December 6, 1973, upon a verdict convicting defendant of the crime of robbery in the first degree. On April 23, 1973 one Frederick Kruger was robbed at the Hotel Touraine in the City of Albany. As a result of this incident, the defendant and two other men were indicted for the crime of robbery in the first degree (Penal Law, § 160.15, subd. 3). After a jury trial, the defendant was convicted as noted above and sentenced to an indeterminate term of imprisonment not to exceed 15 years. Upon appeal, defendant first argues that the trial court erred in denying his motion for a hearing to determine whether proof of his prior convictions would violate his constitutional rights and further complains of the subsequent interrogation at trial concerning his criminal record. It has been long recognized in New York that a defendant may be cross-examined as to criminal convictions (*People* v. *Duffy*, 44 A D 2d 298), and that these matters are subject to the sound discretion of the Trial Judge and best determined by him (*People* v. *Sandoval*, 34 N Y 2d 371). Hence, we will disturb neither the ruling of the trial court permitting the questioned cross-examination nor its denial of the motion for a hearing relative to these matters prior to trial, since both are within the court's discretion. (See *People* v. *Sandoval, supra.*) Secondly, defendant contends that the People failed to serve notice upon him, pursuant to CPL 710.30, of an identification of him by a police officer that was

received into evidence. Such notice is required by that statute, however, only where the defendant is identified "as a person who committed the offense charged * * * by a witness who had previously identified him as such". Neither of these prerequisites to the notice requirement was demonstrated here, as the police officer only identified defendant as standing upon a street corner with two other suspects, and there was no showing that he had made a prior identification. The defendant's third contention, that only circumstantial evidence connected him with the robbery and that the evidence was insufficient to establish his guilt, is similarly without merit. There was direct eyewitness testimony of the witness Larry Johnson that he and the defendant participated in the robbery of Mr. Kruger, and this evidence, along with the circumstantial evidence presented, was clearly adequate to support the jury's verdict. Finally, the defendant argues that the sentence imposed upon him by the trial court was excessive. However, in view of defendant's prior criminal record and the fact that the maximum sentence for robbery in the first degree is 25 years (Penal Law, § 70.00, subd. 2, par. [b]), we find no reason to disturb the sentence. Judgment affirmed. Staley, Jr., J. P., Greenblott, Sweeney, Main and Reynolds, JJ., concur.