■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT HARRIS, Appellant.—Appeal from a judgment of the County Court of Rensselaer County, rendered July 3, 1974, upon a verdict convicting defendant of the crimes of murder in violation of subdivision 1 of section 125.25 of the Penal Law and felony murder in violation of subdivision 3 of section 125.25 of the Penal Law. Following a joint trial, David Shaw and defendant Vincent Harris were convicted of murder and felony murder in connection with the death of Robert Cirilli who was fatally shot near his home in the City and County of Rensselaer around 4:15 A.M. on October 29, 1973. The principal witness against them was an accomplice, Joyce Shufelt, who testified that she had previously engaged Shaw and the defendant to administer a beating to Cirilli and was present with them when she observed defendant Harris perform the homicidal act with a weapon supplied by Shaw. According to her, Shaw and the defendant had planned to burglarize the victim's business establishment by robbing him of the keys thereto after the beating, but that this further scheme was aborted following the shooting. On this separate appeal by Harris, he contends that Shufelt's account was insufficiently corroborated to permit his conviction (CPL 60.22); that her ingestion of a drug during the trial prevented the jury from assessing her demeanor and obstructed his opportunity to cross-examine her and, finally, that a new trial is mandated by reason of the prosecution's failure to advise him of Shufelt's condition. We find no merit in any of these arguments. The nature and quality of the corroborative evidence which tended to connect defendant Harris with Cirilli's murder is set forth in some detail in our disposition of Shaw's appeal and does not warrant extensive repetition *(People v Shaw,* 49 AD2d 658). Defendant Harris' connection with this event was adequately established through the testimony of witnesses who placed him with Shaw and Shufelt at relevant times and, in particular, by the evidence given by one William Dennis who recounted an inquiry by defendant Harris concerning the alarm system in the victim's place of business which was followed by defendant's inspection of its interior. While some of the independent proof was circumstantial, we conclude that it connected defendant Harris with Cirilli's death in such a way that the jury could be reasonably satisfied that Shufelt was telling the truth *(People v Daniels,* 37 NY2d 624). Joyce Shufelt admitted on direct examination that she had taken illegal drugs in the past, but claimed that she had stopped doing so in 1971 and, on cross-examination, specifically denied using such drugs either in the months preceding Cirilli's murder or on the date of his death. Although this was not impeached, defense counsel did elicit the fact that she had taken valium, a tranquilizer, before assuming the witness stand. On redirect, it was developed that this drug had been prescribed for her by a physician while she was incarcerated and had been periodically issued to her by a jail matron. Nothing in the record indicates that the prosecution knew or could reasonably be charged with awareness of Shufelt's medication. Yet even if it be thought that some prosecutorial error was committed in failing to divulge this unrequested information *(People v Simmons,* 36 NY2d 126), defendant's counsel made optimum use of this fact during cross-examination and summation in attacking her credibility and never requested any adjournment or sought to introduce any proof concern-

ing the properties of valium or its effects upon an individual's testimonial capacity (cf. *People v Freeland,* 36 NY2d 518; *People v Williams,* 6 NY2d 18, cert den 361 US 920). In short, defendant Harris' right to confront an adverse witness was not abridged or prejudiced in any way. As to his suggestion that Shufelt was rendered incompetent to testify, we note that no attempt was made to challenge her competency during the trial and we find no reason to question it upon a review of this record. Her demeanor, as it affected her credibility, was properly before the jury in the fashion defendant chose to shape it upon revelation of her use of a tranquilizing drug and we cannot say that anything more is required. We are not persuaded by defendant's other arguments. Judgment affirmed. Koreman, P. J., Kane, Mahoney, Main and Herlihy, JJ., concur.