█   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH CANALE, Appellant.—Appeal from a judgment of the County Court of Montgomery County, rendered March 1, 1979, upon a verdict convicting defendant of the crime of arson in the third degree. The defendant and George H. Bennett, his accomplice, were jointly indicted for arson in the second degree in violation of section 150.15 of the Penal Law. Bennett had been hired by the defendant as "an off the books" occasional employee to help in the defendant's operation of his bar and restaurant. Bennett was granted immunity by the District Attorney and testified that he started the fire in a closet on the third floor of the defendant's premises, on the night of October 25, 1976, at the defendant's request, in exchange for $100 per week and a job as long as the defendant was in business after reopening, so that the defendant might obtain the fire insurance proceeds to alleviate his dire financial condition. Despite the defendant's attack on Bennett's credibility due to Bennett's admitted complicity and his prior criminal record, consisting of convictions of sodomy, carnal abuse, burglaries, grand larceny, forgery, unlawful flight to avoid prosecution and interstate transportation of a stolen vehicle, it was the jury's prerogative to believe his testimony or not (People v La Brake, 51 AD2d 609). The defendant first contends that the testimony of Bennett was insufficiently corroborated to sustain his conviction of arson, third degree. CPL 60.22 (subd 1) prohibits conviction "upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense". The corroborative testimony need not prove the commission of the crime, but must be sufficient to reasonably satisfy the jury that the accomplice is telling the truth (People v Cunningham, 48 NY2d 938). The corroborative testimony herein was supplied by the witness McBride. He claimed to have attended a meeting on the night before the fire between the defendant and the witnesses Conti and Crispino at the Revolution Night Club in Schenectady, where the defendant was ordered to pay a debt he owed to Conti or to burn his place for the insurance proceeds to obtain the necessary funds to repay the debt. On the way home from the meeting, the defendant allegedly told McBride that he would burn his place as the only way out of his financial plight and indicated he would get Bennett to do it. Although Crispino and Conti denied the meeting, other witnesses testified to Bennett's presence on the premises on the night of the fire and to the defendant's financial distress. The origin of the fire on the third floor of the premises further bolstered Bennett's testimony. The testimony of Bennett was, there-

fore, corroborated sufficiently to permit the jury to credit it. The defendant's second contention is that it was error for the trial court to exclude the testimony of certain witnesses offered to disprove certain statements made by some of the prosecution witnesses and is also without merit. The sole purpose of such testimony was to impeach the credibility of those prosecution witnesses by showing facts contradictory of certain statements made by them. As impeaching testimony, it was properly excluded *(People v Schwartzman,* 24 NY2d 241), for error on collateral matters cannot be shown (Richardson, Evidence [Prince, 10th ed], § 491). The trial court submitted to the jury the offenses of arson, second degree; arson, third degree; and criminal solicitation, without exception by the defendant. Contrary to the defendant's claim of inconsistency in the verdict, which is his third reason for reversal, he cannot now complain that the jury chose to invoke its inherent power to dispense mercy and find the defendant guilty of the lesser degree of arson (CPL 300.50, subd 1). Finally, the defendant claims that the legal proof before the Grand Jury was insufficient on which to base the indictment against him. In view of the trial evidence offered against the defendant this contention also lacks merit *(Matter of Miranda v Isseks,* 41 AD2d 176; CPL 210.30, subd 6). The judgment of conviction should be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.