■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN A. COSTELLO, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered January 21, 1982, upon a verdict convicting defendant of the crimes of murder in the second degree and attempted murder in the second degree. On the morning of April 9, 1981, Ralph Passonno, Jr., an auctioneer, and Maurice Kelly, a real estate agent, set out to visit a residence in the Town of Pittstown to appraise and plan the sale of its contents; an unidentified female caller had told Passonno she wished to dispose of the furnishings quickly following the recent death of her mother. At the residence, defendant emerged from hiding and, using a handgun, killed Kelly and seriously wounded Passonno, the ex-husband of defendant's wife. At trial, defendant's unallayed animosity towards Passonno was established; Passonno testified that defendant had threatened to kill him on three previous occasions. And despite some discrepancies in the testimony, there was ample proof that defendant had carried out this shooting, which he had planned with meticulous care. Several of the issues defendant raises deserve comment. Initially, we note that probable cause existed for his warrantless arrest. The State Police acted after being informed by the wounded Passonno, while en route to the hospital's emergency room, that he and Kelly had been shot by defendant. Inasmuch as Passonno had known defendant for several years, this alone justified the arrest. Furthermore, the seizure of articles of defendant's clothing and the taking of fingernail scrapings from him were permissible as part of a

search incident to a lawful arrest (see *People v Perel,* 34 NY2d 462, 468). We are unpersuaded by the argument that the prosecution violated CPL 710.30 by failing to provide defendant with pretrial notice of the identification testimony of Passonno and Paula Boardman, a woman who had observed defendant at a car rental agency earlier on the morning of the shooting. Clearly, the statute is inapplicable to Passonno because he and defendant were known to each other (*People v Tas,* 51 NY2d 915). Notice of Boardman's identification testimony was not required for she had never made a prior identification of defendant "as such" (CPL 710.30, subd 1; *People v Bullock,* 45 AD2d 902). And the failure to furnish notice that a State Police investigator would repeat a statement made by defendant, that he had not seen Passonno on the day the latter was ambushed, was a shortcoming without consequence because it could not possibly be construed as being incriminatory. The suggestion that the trial court's response to a story which appeared in a local newspaper during the course of the trial constituted reversible error is also unconvincing. The article, in discussing the trial, stated: "The jury has not been informed that Costello was arrested after his release and charged with attempting to hire hitmen to kill Passonno, and awaits another trial for conspiracy, criminal solicitation and attempted murder." Defense counsel moved for a mistrial, claiming that any juror exposed to the article would be seriously prejudiced against defendant. The court did not undertake to inquire of the jurors whether they had read the article, but relied instead upon the instructions, studiously recited and continued to be recited throughout the proceedings, that the jurors were not to read, view or discuss news reports of the trial. In determining if a mistrial is appropriate, the issue to be addressed is whether the publicity jeopardized defendant's rights to a "fair and objective verdict according to the evidence" (*People v Genovese,* 10 NY2d 478, 485). Here, there was little, if any, likelihood of such adverse impact. The compelling display of evidence of defendant's guilt and the utter absence of any showing that the jurors had even viewed the article or, if they had, that they were indifferent to the court's repeated admonitions, justified denial of the mistrial motion. Furthermore, it is not without significance that defense counsel specifically requested that the jurors not be asked about the article and contented himself with taking an exception to the court's ruling. Given this circumstance, the court's failure to question the jurors respecting their exposure to this publicity can hardly be viewed as prejudicial error. In addition, it should be noted that this was not an instance of continuing massive coverage of a sensational nature (see *People v Mordino,* 58 AD2d 197); rather, a single article in one paper is claimed to be objectionable. We have considered defendant's other arguments and find them to be without merit. Judgment affirmed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.