■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON BELLAMY, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 19, 1982, upon a verdict convicting defendant of the crimes of robbery in the second degree and robbery in the third degree. Defendant and one James Clifford were charged in an indictment with robbery in the first degree and robbery in the second degree resulting from an incident on August 17, 1981 in the men's room at the Greyhound bus terminal in the City of Albany. At trial, Anthony Sava testified that defendant grabbed him by the throat and waist and, after Clifford cut a pocket in his pants with a razor, defendant took money, keys and a nail clipper. The jury found defendant not guilty of robbery in the first degree, but guilty of the lesser included offense of third degree robbery, and guilty of the count charging second degree robbery. Clifford had absconded before the trial. Defendant contends that he was denied a fair trial by the court's limitation of his cross-examination of the victim Sava and the exclusion of certain criminal records together with the testimony of the Police Court Clerk. We disagree and affirm the conviction. The general rule is that a cross-examination may not contradict a witness' answers concerning collateral matters by producing extrinsic evidence for the sole purpose of impeaching the witness' credibility (*People v Schwartzman,* 24 NY2d 241; *People v Canale,* 76 AD2d 1032, 1033). While credibility is always an issue, it is not a material fact to be proven; rather, it is a matter collateral to the issues involved in the trial (*People v Fisher,* 73 AD2d 886, 892). Therefore, defendant's attempt to demonstrate that Sava was lying about taking a bus to Buffalo was a collateral matter properly excluded. A different situation exists concerning defendant's desire to prove motive for making an allegedly false charge of robbery. An exception to the rule exists when the offered evidence is relevant to some issue in the case other than credibility or if it is independently admissible to impeach a witness (*People v Schwartzman,* 24 NY2d 241, 245, *supra; People v Galletti,* 55 AD2d 154, 157). At issue is the fundamental right of a defendant to meaningful cross-examination on any material and relevant issue affecting his innocence or guilt (see *Davis v Alaska,* 415 US 308; *People v Kennedy,* 70 AD2d 181, 186). These principles in mind, we cannot say that the trial court erred in preventing defendant from adducing evidence in the form of the Police Court record or the clerk's testimony in an attempt to prove that Sava had a motive to lay false charges against defendant. Defendant wanted to prove that Sava created an excuse for his nonappearance the following morning in Police Court. Even if proven that Sava was due in Police Court the next day, the exhibit demonstrated and the clerk testified that he appeared subsequently, paid his fine and that no warrant was ever issued for nonappearance. Examination of the record

shows counsel argued that the evidence found in defendant's pocket when arrested could have been placed there some two months earlier when the men were together in defendant's bedroom, to later serve as proof that defendant robbed Sava on August 17, 1981. This purported theory is spurious since Sava testified that they had been together two years before the robbery, not two months. Accordingly, it was not error to have excluded this evidence. Defendant's final assignment of error relating to the exclusion of evidence of Sava's alleged drug use is similarly not persuasive. While evidence of narcotics addiction is admissible to impeach a witness' credibility if tending to show that he was under the influence of drugs while testifying, or at the time of the events to which he testified, or that his powers of perception or recollection were actually impaired (*People v Freeland,* 36 NY2d 518, 525), there is nothing in this record to show that Sava may have been affected in any manner by drug use at any of the times in question. On cross-examination, he denied any drug use within the "past couple of years". Defendant neither made proper application for production of a confidential psychiatric report forming part of the Police Court records (CPL 390.50), nor did he seek adjournment to produce proof concerning the effect of specific drugs upon Sava's testimonial capacity (*People v Harris,* 52 AD2d 672). Moreover, the trial court examined the jail infirmary records and found nothing contained therein bore directly upon either defendant's innocence or guilt or Sava's credibility as a witness. We find no error requiring reversal and that the evidence was more than sufficient to sustain the jury's verdict. Judgment affirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.