OPINION OF THE COURT
Bruce M. Kaplan, J.
With the enactment of article 3 of the Family Court Act the Legislature attempted to codify those specific due process standards that accreted to juvenile delinquency proceedings over the last two decades. This epoch commenced with the Supreme Court’s decision in Matter of Gault (387 US 1) ending the 30-year interregnum of the parens patriae philosophy exemplified in People v Lewis (260 NY 171).
Article 3’s recent effective date invites early judicial construction of its provisions even though many of them track the language of the Criminal Procedure Law.
The question presented in this matter is whether the testimony of Patrolman Frank E. Schuhmann must be stricken for failure to serve respondent with notice of intent to offer identification testimony pursuant to subdivision 2 of section 330.2 of the Family Court Act.
If the presenting agency is precluded from offering Patrolman Schuhmann’s testimony the petition must be dismissed since that testimony constituted the only evidence presented on the petitioner’s case.
At the hearing on December 2,1983, Officer Schuhmann identified respondent. He testified that on July 20,1983 he *689 was on plain-clothes duty. At 3:30 p.m. he was parked in an unmarked taxi facing west on 57th Street opposite 4 East 57th Street. At a distance of about 30 feet, with a view unimpaired by cars or pedestrians, he observed respondent walk up to a woman, snatch a chain from her neck and run east on 57th Street. His observation of respondent lasted about 15 seconds. Officer Schuhmann then made a U-turn and attempted to pursue respondent in his car, but lost sight of him. His partner, Officer Delaney, gave chase on foot.
Within five minutes respondent was returned to the scene by two other police officers in a marked radio motor patrol car after they apparently apprehended him. They were accompanied by Officer Delaney who presented him to Officer Schuhmann. He identified respondent as the person who snatched the chain, and arrested him.
At the hearing respondent’s counsel moved to preclude Officer Schuhmann’s testimony because respondent had not been served with notice of intent to offer identification testimony. Corporation Counsel concedes that no such notice was served, and contends that it was not necessary under the facts of this case. In order to explore the validity of this contention reference must be made to section 330.2 of the Family Court Act, CPL 710.30 and 710.20. In addition the court will avail itself of the provisions of subdivision 2 of section 303.1 of the Family Court Act and consider interpretations of CPL 710.30 in order to assist it in interpreting section 330.2.
Subdivision 2 of section 330.2 provides “[w]henever the presentment agency intends to offer at a fact-finding hearing evidence described in * * * subdivision one of section 710.30 of the criminal procedure law, such agency must serve upon respondent notice of such intention.” CPL 710.30 (subd 1) provides: “[w]henever the people intend to offer at a trial * * * (b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.”
*690 While the preclusion provisions of subdivision 8 of section 330.2 would appear to be absolute on their face, such is not the case.
This fact can be demonstrated by reference to interpretations of CPL 710.20 and 710.30 contained in decisions of the Court of Appeals and Appellate Division. They clarify that those sections’ intent is to curtail the occurrence of a mistaken identification likely to arise where there has been an improperly made previous identification of the defendant by a prospective witness.
These sections represent a codification of United States v Wade (388 US 218), Stovall v Denno (388 US 293) and Gilbert v California (388 US 263). A careful scrutiny of their fact patterns is necessary to understand that the sections are more broadly drafted than is necessary to effectuate their mandate.
A defendant must be given notice of intent to offer identification testimony as a first step in order to determine whether an improperly made identification has occurred, and whether to move to suppress it. However some types of identification testimony are excluded from the notice requirement.
In People v Gissendanner (48 NY2d 543) the Court of Appeals held that the prosecutor was not obliged to serve notice pursuant to CPL 710.30 where the officers had seen the defendant on occasions prior to observing her during the commission of the crime.
It stated (48 NY2d, at p 552):
“The statute was apparently a legislative response to the problem of suggestive and misleading pretrial identification procedures treated by the Supreme Court in Gilbert v California (388 US 263), United States v Wade (388 US 218) and Stovall v Denno (388 US 293). The focus of those decisions was on in-court identifications predicated on earlier police-arranged confrontations between a defendant and an eyewitness, typically involving the use of lineups, showups or photographs, for the purpose of establishing the identity of the criminal actor (see Levine & Tapp, Psychology of Criminal identification: The Gap from Wade to Kirby, 121 U of Pa L Rev 1079, 1086 et seq.).
*691 “In cases in which the defendant’s identity is not in issue, or those in which the protagonists are known to one another, ‘suggestiveness’ is not a concern and, hence, the statute does not come into play (see People v Bullock, 45 AD2d 902, 903; Sobel, Eyewitness Identification: Legal and Practical Problems, § 2, p 4; State v Thomas, 292 NC 527, 539; State u Wheeler, 34 NC App 243,251 [inadvertent observations of defendant at police station not ‘identifications’]).
“In all, neither police officer having ‘previously identified’ the defendant within the intendment of the statute, defendant’s objection to their in-court identification testimony was properly overruled.”
A CPL 710.30 or section 330.2 of the Family Court Act notice need not be served where the eyewitness and the defendant were previously known to one another. (People v Tas, 51 NY2d 915; People v Bullock, 45 AD2d 902.)
In addition, dicta in a First Department decision states that where an eyewitness to a criminal encounter maintains an uninterrupted view of the respondent from the moment of the criminal activity to the point of apprehending the respondent and bringing him to the police precinct, there is no requirement to serve a 710.30 notice. (Matter of Leo T., 87 AD2d 297.) The present case fits within neither of these exceptions. There was no evidence presented to suggest that respondent was known to Officer Schuhmann prior to July 20, 1983, and it is clear that Officer Schuhmann lost sight of respondent between the time that he observed the chain-snatching incident and his subsequent identification and arrest of respondent.
Corporation Counsel relies upon People v Morales (37 NY2d 262) as authority for the proposition that notice was not required in this case. This reliance is misplaced. Morales did not involve a CPL 710.30 notice. Rather, the defendant argued that there had been an unduly and unnecessarily suggestive identification procedure. The Morales court concluded that the identification of defendant at the precinct had not been unduly suggestive. It found that the arresting officers observed defendant making a drug sale to the undercover detective and that he subsequently encountered defendant after cruising the *692 streets looking for him. He then radioed his backup team to arrest defendant whom they had seen earlier. It held that viewing at the station house had only been for the purpose of confirming that the correct person had been arrested.
The court focused on the infirmities wrought by suggested or mistaken initial identifications and stated:
“The vice to be avoided by the salutary safeguards required to avoid suggested or mistaken identifications generally apply to initial identifications. The identifier often is either a victim of the crime or a witness to it who has experienced an unexpected or stress-laden criminal encounter, is without special training, and very possibly finds himself in an environment far from ideal for observation. Thus, his best view of the defendant may actually be on the occasion of the identification, a view that will tend to supplant the less secure recollection he had formed at the time of the crime. If induced by a nonobjective procedure, the result may be an irradicable faulty identification which becomes the witness’ standard of comparison for all subsequent views * * *
“Here the circumstances were entirely different. Webster was not the ordinary witness to a crime. His participation was deliberate and planned. It was his job. He was trained and experienced for precisely such a role. His objective was the detection of criminal activity and the apprehension and conviction of the perpetrator. He could be expected to make careful observations of the appearance and activities of the suspect, focused all the more by the consciousness of his future need to make a detailed in-court identification. A second viewing by him would not bear the burden of the caveats involved in one by a nonprofessional.
“In fact, the station house viewing was not Webster’s second viewing at all. It was his third.” (People v Morales, 37 NY2d 262, 271, supra.)
The fact that Officer Schuhmann is a trained and experienced observer, while relevant to whether there had been an impermissibly suggestive identification, is irrelevant to the question of whether a section 330.2 notice had to be served. The court concludes that Officer Schuhmann’s viewing of respondent amounted to an identification for *693 purposes of CPL 710.30. As such, Officer Schuhmann’s viewing of respondent was subject to subdivision 2 of section 330.2 of the Family Court Act notice.
Since such notice was not served on respondent, the court is constrained to preclude Officer Schuhmann’s testimony, and dismiss the petition.