■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES W. COX, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered January 25, 1982, upon a verdict convicting defendant of the crimes of attempted arson in the third degree and burglary in the third degree.

As a result of a fire which occurred on June 26, 1980 in the Town of New Lisbon, Otsego County, defendant was indicted and charged with arson in the third degree, a class C felony, and burglary in the third degree, a class D felony. Two days later, on June 28, 1980, defendant allegedly tried to set fire to the same building. In a separate indictment, he was charged with attempted arson in the third degree and burglary in the third degree for the later incident. At arraignment on the first indictment, County Court assigned the Public Defender to represent defendant and adjourned the matter to permit counsel to make an application for a fitness to proceed hearing. After three psychiatrists examined defendant, two of whom found him fit to proceed to trial, County Court concluded that defendant was fit to proceed and to contribute to his defense. Defendant's fitness was not an issue at his trial on the second indictment.

On January 19, 1981, County Court (Mogavero, Jr., J.) agreed to accept defendant's guilty plea to the first count of the first indictment, arson in the third degree, in exchange for a sentence of probation. The plea would have been in satisfaction of both indictments. The matter was then adjourned for the receipt of a Probation Department investigation.

On March 6, 1981, County Court (Kepner, J.) noted that two events had occurred since Judge Mogavero had accepted defendant's plea on January 19, 1981. First, defendant wrote a letter to the court advising that he wished to represent himself at trial. County Court then advised defendant that he was entitled to a jury trial if he so desired. Second, County Court advised defendant that it would not consider itself bound by Judge Mogavero's commitment to sentence him to probation since, in the meantime, defendant had assaulted two jail guards.

Defendant was permitted to withdraw his guilty plea and to proceed to trial. He was tried on the first indictment in April 1981 and was found guilty of both counts. Defendant was sentenced to concurrent indeterminate terms of imprisonment, the longer of which was 4 to 12 years. This court affirmed the conviction (People v Cox, 93 AD2d 946). Defendant was tried on the second indictment in January 1982 before Judge Mogavero and was found guilty of both counts. He was sentenced to concurrent indeterminate terms of imprisonment of 2⅓ to 7 years. These sentences were ordered to run consecutively to the sentences imposed on the prior conviction. It is from the latter conviction that defendant now appeals.

Defendant contends that the sentence is harsh and excessive. Specifically, he claims that he was penalized for going to trial on the second indictment. Once a defendant has been convicted after trial, the sentence to be imposed can reflect the sentencing principles appropriate to the individual case, for the leverages involved in the plea bargaining process are gone. Therefore, the mere fact that a sentence imposed after trial is greater than that offered during a plea negotiation is not proof that the defendant was punished for asserting his right to proceed to trial (see, People v Pena, 50 NY2d 400, 411-412, cert denied 449 US 1087). However, a person may not be punished for doing what the law permits. If a defendant refuses to plead guilty or where, as here, changes his mind after a plea has been negotiated and goes to trial, retaliation or vindictiveness may play no role in sentencing following a conviction (Corbitt v New Jersey, 439 US 212). The conventional concerns involved in sentencing, which include the considerations of deterrence, rehabilitation and retribution, must be the only factors weighed when sentence is imposed (People v Patterson, 106 AD2d 520, 521).

Since the probation report minimized defendant's attack on the two jailers and noted that neither officer intended to press

any charges against defendant, the sole reason for greatly enlarging the sentence beyond the agreed upon time was defendant's exercise of his right to proceed to trial. In fact, at the time of sentencing, the court stated: "[T]here was an attempt to try and dispose of this charge without going to trial, but that was unsuccessful, and as a result we had a trial and based upon the fact that there was the additional expense and the necessity of a trial, I don't feel you should be rewarded for making that necessary". Clearly, on the facts of this case, the sentence given, which was the maximum permitted under the law, was not only the antithesis of a "reward", but was an impermissible increase in defendant's punishment solely for asserting his right to proceed to trial *(see, People v Patterson, supra)*.

Judgment modified, as a matter of discretion in the interest of justice, by directing that the sentence imposed on indictment No. 3 shall run concurrently with that imposed on indictment No. 2, and, as so modified, affirmed. Mahoney, P. J., Kane, Weiss, Mikoll and Yesawich, Jr., JJ., concur.