■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVE GOERING, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered August 2, 1988, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant was charged in a single-count indictment with criminal sale of a controlled substance in the third degree as the result of the sale of cocaine to a confidential police informant on April 10, 1987. The facts are not complicated. Defendant and John Carl were charged with the sale of cocaine to a confidential police informant in the McDonald's restaurant parking lot in the City of Watervliet, Albany County. Analysis of the substance proved that it was indeed cocaine. Carl pleaded guilty and became a prosecution witness. The informant was equipped with a body wire to record conversations with defendant and Carl. At arraignment on June 15, 1987, the People served upon defense counsel a notice pursuant to CPL 710.30 of intent to offer at trial evidence of recorded conversations. In ruling on an omnibus motion, County Court ordered that "[t]he People are further directed forthwith to furnish defendant all discovery and inspection mandated by Article 240 of the Criminal Procedure Law". At trial, both Carl and the informant testified to the events leading up to the sale and the actual sale itself. Defendant's objections to the admission of a transcript of the tape recording into evidence and to statements made by the prosecutor in his summations were denied, and defendant was convicted of the crime charged. This appeal followed.

Defendant's initial argument is that the first six pages of the transcript of the tape recording furnished pursuant to the

order of County Court consisted solely of music and only the last four pages contained recorded conversation. Three days before the trial commenced, the prosecutor discovered the error and gave counsel a complete copy. At trial, the complete transcript was admitted into evidence. Defendant contends that the failure to timely furnish him with a complete transcript as ordered by the court or to satisfactorily establish good faith for the delay requires exclusion of those pages not furnished. His motion to exclude the first six pages was denied. Since the need for compliance with the statute is not obviated by showing that the delay was not prejudicial *(see, People v McMullin,* 70 NY2d 855), defendant argues he is entitled to reversal. In response, the People contend that because the identity of the three participants was well known prior to the incident, notice of intent was unnecessary *(see, People v Tas,* 51 NY2d 915; *People v Bullock,* 45 AD2d 902). The People further argue that defendant had the incomplete transcript for over six months before the trial but that he neither complained about the transcript nor made further inquiry. To dispel possible prejudice, County Court appropriately offered to grant a continuance *(see,* CPL 240.70 [1]; *People v Dory,* 59 NY2d 121, 127; *People v Eleby,* 137 AD2d 708, *lv denied* 71 NY2d 1026). Defendant rejected the offer and continued with the trial. We find no reason to disturb the ruling.

Nor do we find prejudice sufficient to require reversal because of two statements made by the prosecutor during summation. Statements made by the prosecutor which referred to the fact that Carl was involved with drugs, had pleaded guilty to an indictment and was in jail, as well as a reference to what defendant would have done in the situation if he had been innocent, were both objected to by defendant. In the latter instance, County Court instructed the jury that it would be their duty to draw inferences from the evidence. These remarks were clearly not so improper or inflammatory as to have deprived defendant of a fair trial *(see, People v Rodriguez,* 126 AD2d 896, *lv denied* 69 NY2d 1009).

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.