■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD ROSARIO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered November 7, 1988, convicting him of burglary in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove that two separate burglaries occurred: one at 7:30 P.M. and the other at 11:00 P.M. at the same apartment on the same night. Viewing the evidence adduced at trial in a light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's guilt of two counts of burglary in the second degree. The People proved that on July 9, 1987, the defendant, three codefendants, and one other perpetrator entered a second-floor apartment at 69 Fifth Avenue in Brooklyn at 7:30 P.M. A few minutes later, an eyewitness to the incident saw the five burglars exit the apartment building carrying "square-ish stuff". Later that night, the same eyewitness, who lived across the street from 69 Fifth Avenue, observed the same five individuals enter the same second-floor apartment and take property. Additionally, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant contends that the prosecutor improperly impeached the defendant's alibi witness by asking her if she had a drinking problem. The general rule is that "evidence of narcotic addiction is admissible to impeach a witness' credibility if tending to show that she was under the influence of drugs while testifying, or at the time of the events to which she testified, or that her powers of perception or recollection,

were actually impaired by the habit" *(People v Freeland,* 36 NY2d 518, 525). At bar, the prosecutor had a good-faith basis to ask this question to determine if the alibi witness was under the influence of alcohol at the time of the burglary. As such, the trial court did not improvidently exercise its discretion in permitting this question to be asked *(see, People v Batista,* 113 AD2d 890, 891). The other alleged errors in the cross-examination of this alibi witness were not preserved for appellate review and we decline to review them in the exercise of our interest of justice jurisdiction *(see, People v Udzinski,* 146 AD2d 245, 248-252).

The defendant's contention that the prosecutor improperly bolstered the eyewitness's testimony on summation is also unpreserved for appellate review *(see, People v Udzinski, supra),* and we decline to reach it in the exercise of our interest of justice jurisdiction. Rubin, J. P., Eiber, Rosenblatt and Miller, JJ., concur.