■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK SIMON, Also Known as SPOOK, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered January 30, 1990, upon a verdict convicting defendant of eight counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant was indicted for eight counts of criminal sale of a controlled substance in the third degree, a class B felony, as the result of five separate sales of small quantities of cocaine and heroin to a confidential police informant in the City of Hudson, Columbia County. Following a jury trial, defendant was found guilty of all eight counts and was sentenced as a second felony offender to a prison term of 5 to 10 years on each count. Five of the prison terms were imposed consecutively, resulting in an aggregate sentence of 25 to 50 years. This appeal followed.

Initially, we reject defendant's argument that the sentence imposed was harsh and excessive. Defendant, noting that the sales were of relatively small quantities to one individual during a two-week period, claims that County Court abused its discretion in imposing consecutive terms. Defendant also argues that the aggregate sentence, much more severe than the 4½ to 9 years previously offered as part of a plea bargain, was in retaliation for defendant's exercise of his right to a jury trial.

As to defendant's first argument, "[t]he imposition of the sentence rests within the sound discretion of the trial court, and we should not interfere unless there has been a clear abuse of discretion or extraordinary circumstances" *(People v Harris,* 57 AD2d 663). Defendant's sentence was well within the applicable statutory parameters, allowing for maximum prison terms of 9 to 25 years, with corresponding minimum terms of 4½ to 12½ years *(see,* Penal Law § 70.06 [3] [b]; [4] [b]). We also note that defendant's prior criminal record

includes a conviction for manslaughter in the first degree. Moreover, by operation of Penal Law § 70.30 (1) (c) (i) the sentence is reduced to 15 to 30 years. In these circumstances, we are not persuaded by defendant's argument that the prison terms should be modified to run concurrently (see, People v Szczepanski, 172 AD2d 884, lv denied 78 NY2d 957; People v Hammond, 116 AD2d 766, lv denied 67 NY2d 943).

We now turn to defendant's claim that County Court imposed the sentence vindictively, to punish defendant for rejecting the plea bargain and asserting his right to proceed to trial. The mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial (see, People v Pena, 50 NY2d 400, 411-412, cert denied 449 US 1087; People v Cox, 122 AD2d 487, 488). In essence, a defendant forfeits the benefit of the deal by electing to go to trial (see, People v Van Pelt, 76 NY2d 156, 160). It is fundamental, however, "that retaliation or vindictiveness may not play a role in sentencing a convicted defendant who ha[s] elected to proceed to trial rather than plead guilty pursuant to a negotiated bargain" (People v Shaw, 124 AD2d 686, lv denied 69 NY2d 750; see, Corbitt v New Jersey, 439 US 212; People v Patterson, 106 AD2d 520). Indeed, this court has reduced sentences where that was clearly the case (see, People v Cox, supra). Here, though, our review of the record demonstrates no evidence of retaliation or vindictiveness on the part of County Court and, accordingly, the sentence should be upheld (see, People v James, 133 AD2d 507, 509, lv denied 70 NY2d 933; People v Diaz, 131 AD2d 775, 776; People v Pepper, 89 AD2d 714, 718, affd 59 NY2d 353).

Next, we find no merit to defendant's claim that evidentiary rulings by County Court denied him a fair trial. County Court did not err in denying defendant access to the police informant's drug rehabilitation records. Good cause for access to patient records maintained by a drug abuse treatment center is generally not found where, as here, the information is sought for impeachment purposes or is cumulative of other evidence (see, 42 USC § 290ee-3 [b] [2] [C]; 42 CFR part 2; Matter of Commissioner of Social Servs. of City of N. Y. v David R. S., 55 NY2d 588, 594-595; Matter of Stephen F., 118 Misc 2d 655, 658). Nor did County Court err in prohibiting the introduction of laboratory reports indicating the weight of substances delivered to police after controlled buys from other defendants. These records were sought to show that the police informant was a drug user and dealer and was stealing drugs

from the police while he was working for them. However, evidence was introduced at trial as to the police informant's addiction, drug dealing and discrepancies between what the informant said he had bought and what the sellers testified to selling him. Accordingly, the records sought by defendant would be cumulative. Moreover, the evidence did not tend to show that the police informant was under the influence of drugs while testifying, or at the time of the events to which he testified, or that his powers of perception or recollection were actually impaired by narcotics addiction (see, People v Rosario, 160 AD2d 1031, 1031-1032, lv denied 76 NY2d 795; People v Bellamy, 97 AD2d 654, 655).

Finally, County Court properly denied defendant's requests for a mistrial. Defendant's first motion for a mistrial followed County Court's refusal to voir dire the jury as to a newspaper article in the Hudson Register Star in which then Hudson Police Chief James Dolan denigrated certain defendants awaiting trial on drug charges. Because the article did not refer to defendant, County Court did not err by failing to conduct a voir dire, instead relying upon its admonition to the jury not to read about the case (see, People v Costello, 92 AD2d 947, 948). As to Dolan's improper statement on cross-examination that defendant was the biggest drug dealer in town, we note that the statement was not purposely educed by the prosecution and that County Court issued curative instructions. Nor was it of such a magnitude that it deprived defendant of his right to a fair trial, given that defendant himself elicited substantially the same testimony from another police witness. Thus viewed, the refusal to grant a mistrial was a proper exercise of discretion (see, People v Mosley, 170 AD2d 990, lv denied 77 NY2d 964; People v Nagi, 153 AD2d 964).

We have considered defendant's remaining contentions and find them to be either unpreserved for our review or without merit. Weiss, P. J., Levine and Casey, JJ., concur. Ordered that the judgment is affirmed.