(December 3, 1992)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID E. GROOM, Appellant.—Levine, J. Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered June 5, 1989, upon a verdict convicting defendant of the crimes of assault in the second degree and reckless endangerment in the second degree (two counts).

In December 1988, defendant was indicted and charged with two counts of attempted assault in the first degree and two counts of reckless endangerment in the first degree. The charges arose out of an incident that occurred on October 16, 1988 near the intersection of State Route 23 and James F. Lettis Highway in the Town of Oneonta, Otsego County. The prosecution's evidence was that defendant was stopped at a traffic light on Lettis Highway and decided to turn left onto State Route 23. He moved into the left turning lane behind a motorcycle driven by John McMichael with Kathy Warren as a passenger. For no apparent reason suggested in the record, defendant shouted at the occupants of the motorcycle and followed the motorcycle at a distance of between two and three feet, racing through traffic to follow the motorcycle. McMichael then swerved across the road onto the lawn of a diner to avoid defendant, who then drove his vehicle into the motorcycle, knocking McMichael and Warren to the ground.

In its charge to the jury County Court, without objection by

the defense, included assault in the second degree as a lesser included offense of attempted assault in the first degree, and reckless endangerment in the second degree as a lesser included offense of reckless endangerment in the first degree. Defendant was convicted of assault in the second degree and two counts of reckless endangerment in the second degree. County Court sentenced defendant as a second felony offender to an indeterminate prison term of 3½ to 7 years on the assault count, and a determinate sentence of one year on each of the reckless endangerment counts, the sentences to run concurrently. Defendant now appeals.

Initially, we reject defendant's contention that County Court erred in denying his application to charge assault in the third degree as a lesser included offense. Because it is possible to commit attempted assault in the first degree without committing assault in the third degree, the first prong of the test set forth in *People v Glover* (57 NY2d 61, 63) was not satisfied *(see,* Penal Law §§ 110.00, 120.00, 120.10). Additionally, there was no reasonable view of the evidence that defendant was guilty of the lesser offense but not the greater *(see, People v Glover, supra,* at 63). Defendant's theory of defense was that he did not hit the motorcycle and that McMichael merely lost control of the motorcycle. If the jury had accepted defendant's own testimony, it would have acquitted him of the assault charges rather than convict him of only the lesser offense *(see, People v Zayas,* 140 AD2d 395, *lv denied* 72 NY2d 869).

We likewise reject defendant's contention that there was inadequate evidence to establish that the crime occurred within the geographical jurisdiction of the County Court of Otsego County *(see,* CPL 20.40). Geographical jurisdiction to prosecute is a question of fact *(People v Moore,* 46 NY2d 1, 6-7; *Matter of Steingut v Gold,* 42 NY2d 311, 316; *People v Francine CC.,* 112 AD2d 531, 534), and this Court must give deference to every reasonable inference that a jury could draw from the evidence presented *(People v Bleakley,* 69 NY2d 490, 495). Here, there was ample eyewitness testimony indicating that the crime occurred near the intersection of Route 23 and Lettis Highway, a location within Otsego County.

Finally, we reject defendant's contention that his sentence was harsh and excessive. The mere fact that defendant received a harsher sentence than that offered during plea negotiations does not entitle defendant to a reduction of his sentence *(see, People v Simon,* 180 AD2d 866, 867, *lv denied* 80 NY2d 838; *cf., People v Cox,* 122 AD2d 487, 488-489).

Yesawich Jr., J. P., Mercure, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed.