■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN T. WRIGGLESWORTH, Appellant. [611 NYS2d 678] —Weiss, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered April 2, 1991, upon a verdict convicting defendant of the crime of assault in the first degree.

On the evening of August 14, 1989, defendant was involved in a confrontation over a pool table at Risko's Tavern in the City of Albany. He left and upon returning several hours later was ejected from the bar when he became involved in a second incident, this time with John Cotazino and Gary Benedict. Although these men delayed their departure to avoid defendant, he waited outside and attacked them, pushing Benedict to the ground and striking Cotazino with a stick that pierced his eyeball and ultimately required its removal. Defendant was arrested the following day when he returned to the tavern and was identified as the assailant by the barkeeper. He was convicted after trial and on this appeal has raised several contentions which we address individually.

Initially, defendant contends that he was improperly limited in his inquiry on cross-examination as to whether Cotazino and Benedict had substance abuse problems. The general rule is that evidence of such a problem is admissible to impeach the credibility of a witness if it tends to show that the witness was under the influence of an abused substance at the time of testimony or at the time of the events to which he testified, or if the witness's powers of perception or recollection were actually impaired by the problem *(People v Freeland,* 36 NY2d 518, 525; *People v Rosario,* 160 AD2d 1031, *lv denied* 76 NY2d 795). Here, Cotazino freely acknowledged consumption of six to eight beers over the course of six hours but denied using cocaine. Other than this testimony and an erroneous interpre-

tation of Cotazino's medical record,* defendant failed to articulate a good-faith basis to support inquiry beyond Cotazino's actual consumption on the night of the assault. Benedict also acknowledged drinking during the evening in question. We hold that County Court did not improvidently exercise its discretion in refusing to permit inquiry beyond that time frame (see, People v Rosario, supra, at 1032). Similarly, County Court properly denied defendant's renewal of his earlier request for substance abuse records. Neither the trial record nor defendant's supporting affidavit suggest good cause for the release of the medical records of a patient maintained by a substance abuse treatment center (see, People v Simon, 180 AD2d 866, 867, lv denied 80 NY2d 838). Moreover, defendant failed to make a timely offer of proof to establish a factual basis for a good-faith request.

Defendant's contention that County Court improperly denied admission of photographs taken of the crime scene sometime after the assault is without merit. Defendant failed to establish a proper foundation by showing they were a fair and accurate representation of the scene on August 15, 1989 (see, Moore v Leaseway Transp. Corp., 49 NY2d 720, 723).

We also do not agree that the prosecutor's summation was inflammatory and shifted the burden of proof, particularly by use of the phrase "dead defense". In the context of the entire summation, the reference was merely fair comment on the improbability of defendant's version of the events and was to a large extent responsive to the arguments made by defense counsel on his summation (see, People v Wilkerson, 189 AD2d 592, lv denied 81 NY2d 849; People v Morris, 159 AD2d 388, 389, lv denied 76 NY2d 793; People v Bailey, 155 AD2d 262, 263). The remaining complaints about the summation were not preserved for appellate review and any error was de minimis at best (see, People v Moran, 154 AD2d 322).

Nor do we find merit in defendant's contention that the People's rebuttal evidence was improper. Defendant affirmatively raised as a defense the theory that Cotazino's injury was accidental and probably caused by the pool cue case carried by Benedict. The rebuttal was directed to the cue case and whether it came in contact with Cotazino, and to clarify

* Defendant mistakenly interpreted a reference in the medical chart as indicating that the victim had a .343% blood alcohol level when treated for the injury; however, the medical record reference was to a 343 blood osmolality level (the thickness of the blood serum). The attending physician testified that while he could tell that the victim had been drinking, he was orientated to time, person and place and could relate his medical history.

the nature of the instrument with which he was struck. This evidence was proper rebuttal to the affirmative claim by defendant *(see, People v Harris,* 57 NY2d 335, 345, *cert denied* 460 US 1047; *People v Gonzalez,* 175 AD2d 179, 180, *lv denied* 78 NY2d 1011). The references to the weapon used and its similarity to the heavy end of a pool cue, while not technically rebuttal, were nevertheless properly admitted in the interest of justice *(see,* CPL 260.30 [7]; *People v Miranda,* 192 AD2d 725, *lv denied* 81 NY2d 1076).

Defendant next contends that the inquiry as to the cause of his disabled arm improperly insinuated that he had a propensity to become involved in fights. The circumstances underlying his injury, which ultimately proved to be irrelevant and nonprejudicial, were within the scope of cross-examination *(see, People v Betts,* 70 NY2d 289, 292).

Defendant argues that the testimony of two prosecution eyewitnesses was incredible and unbelievable because of their intoxication. "Testimony will be rejected as being incredible as a matter of law when it is 'incredible and unbelievable, that is, impossible of belief because it is manifestly untrue, physically impossible, contrary to experience or self-contradictory' " *(People v Shedrick,* 104 AD2d 263, 274, *affd* 66 NY2d 1015, quoting *People v Stroman,* 83 AD2d 370, 373). Here, however, the state of the witnesses' intoxication and its effect upon their ability to observe and recall distilled merely to a credibility issue *(see, People v Mallory,* 191 AD2d 970; *People v Shedrick, supra,* at 274) and itself was logical and consistent with other evidence and with the circumstances.

Defendant's further contention that County Court erroneously refused to charge the lesser included crimes of assault in the second degree (Penal Law § 120.05 [4]) and assault in the third degree (Penal Law § 120.00), under the standards set by *People v Glover* (57 NY2d 61), is without merit. Defendant argues that it might have been found that his intent to commit an assault could have been diminished by intoxication, thereby reducing the crime to one of recklessness. The record lacks proof suggestive of any significant alcohol consumption on the part of defendant during the 15 hours prior to the attack. Not only was evidence of his intoxication lacking, but the proof demonstrated that defendant did not act recklessly or with criminal negligence, but rather with the intent to cause serious injury *(see, People v Stevenson,* 157 AD2d 563, 565-566, *lvs denied* 76 NY2d 743, 77 NY2d 882).

Defendant next contends that his pre-*Miranda* statement to

police outside Risko's Tavern the following morning was made during custodial interrogation in violation of his constitutional rights and should have been suppressed. We disagree. The record fully supports, and County Court found, that defendant was not in custody and that a reasonable person, innocent of any crime, would not have thought himself restrained when the police officer asked defendant if he would step outside and speak with him in a neutral setting (see, People v Yukl, 25 NY2d 585, cert denied 400 US 851; People v Nolcox, 190 AD2d 824, lv denied 81 NY2d 1017; see also, Matter of Kwok T., 43 NY2d 213).

Finally, we find neither an abuse of discretion nor extraordinary circumstances in defendant's sentence which would warrant intervention by this Court.

Cardona, P. J., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).