■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. COLBURN, Appellant. [622 NYS2d 1003] —Mercure, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), entered June 28, 1993, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

As the result of defendant's alleged possession of cocaine and drug paraphernalia at his residence on September 2, 1992 and $100 sales of cocaine to State Police informants on August 17, 1992 and on August 31, 1992, three separate indictments were obtained, charging defendant with criminal possession of a controlled substance in the seventh degree and two counts each of criminal use of drug paraphernalia in the second degree, criminal sale of a controlled substance in the third degree and conspiracy in the fourth degree. Defendant disposed of all three indictments with a plea of guilty to a single count of attempted criminal sale of a controlled substance in the third degree and was sentenced to an indeterminate prison term of 4 to 12 years and a $5,000 fine. Defendant now appeals, challenging only the sentence imposed by County Court.

Initially, we reject the contention that the prison sentence imposed by County Court was harsh and excessive *(see, People v Simon,* 180 AD2d 866, *lv denied* 80 NY2d 838), particularly in view of the fact that defendant was on probation for a prior drug offense at the time of commission of the current crime and that, by pleading guilty to a single class C felony, he avoided exposure to consecutive prison terms of 8⅓ to 25

years. We agree with defendant, however, that County Court erred in imposing the $5,000 fine without complying with the requirement of Penal Law § 80.00 (1) (c) that it "consider the profit gained by defendant's conduct, whether the amount of the fine is disproportionate to the conduct in which defendant engaged, its impact on any victims, and defendant's economic circumstances". We are not persuaded by the People's argument that the statutory requirement is inapplicable because defendant was not convicted of a felony defined in Penal Law article 220 but, rather, one defined in Penal Law articles 220 and 110 (see, Penal Law § 80.00 [1] [c]).

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as imposed a $5,000 fine; matter remitted to the County Court of Franklin County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.