■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS LA FRANCE, Appellant. [625 NYS2d 98] —Mikoll, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered October 18, 1993, upon a verdict convicting defendant of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle.

The charges underlying this matter arose from an incident that occurred on March 25, 1993. Defendant was observed striking the back side of a car located in a parking lot in the Village of Massena, St. Lawrence County, backing up, and leaving the lot onto South Racquette Road. Defendant was followed by Roy Rivard, who observed the accident and who followed the vehicle which was skipping badly, with sparks flying from the car. The vehicle flew into the air and hit the muddy area on the side of the road, losing a tire. Rivard said defendant was alone in the vehicle. State Trooper John Stubbe eventually came to the scene and found defendant sitting in the passenger seat. The car keys were found below the passenger seat. Defendant denied he was driving and claimed that the driver, Newton Lawrence, had fled. Stubbe testified that there were no foot prints in the muddy area adjacent to the driver's side of the vehicle to indicate that anyone exited the vehicle from that side. Stubbe had defendant execute sobriety field tests and thereafter arrested him. After *Miranda* warnings were given, defendant submitted to a breathalyzer test registering a 0.20% reading.

Defendant's contention that his counsel failed to provide effective assistance of counsel is rejected as without merit. The record indicates that a meaningful defense was presented by defense counsel who rigorously cross-examined the People's witnesses. The fact that defense counsel did not pursue an avenue of defense, namely, procuring the presence of Lawrence at trial or photos of him to support defendant's contention that Lawrence was driving and could have been mistaken for defendant because of a close likeness he and defendant had

to each other, is insufficient to sustain the contention of ineffective assistance of counsel. The efficacy of such evidence is speculative at best.

We reject as well defendant's contention that County Court should have dismissed plaintiff's case for failure to prove that the crime occurred within the geographical jurisdiction of St. Lawrence County Court and that the operation of the vehicle occurred on a public highway. The record establishes that the vehicle was operated in the Town of Massena, on Racquette Road, and on roads adjoining the Town. This was sufficient to establish venue in St. Lawrence County given that the Town of Massena is located therein (see, People v Groom, 188 AD2d 674) and sufficient to establish operation on a public highway (see, Vehicle and Traffic Law § 134).

Cardona, P. J., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.