People v Ventura (2023 NY Slip Op 51191(U))

[*1]

People v Ventura (Jonathan)

2023 NY Slip Op 51191(U)

Decided on November 15, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 15, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, J.

570057/17

The People of the State of New York, Respondent, 
against
Jonathan Ventura, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Laurence E. Busching, J.), rendered September 15, 2016, after a nonjury trial, convicting him of attempted assault in the third degree and harassment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Laurence E. Busching, J.), rendered September 15, 2016, affirmed.
The verdict convicting the defendant of attempted assault in the third degree (see Penal Law §§ 110.00, 120.00[1]) and harassment in the second degree (see Penal Law § 240.26[1]) was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence established that defendant grabbed the complainant's arm and pushed her into a wall, repeatedly kicked her while she was on the floor, then kicked her from behind as she left his apartment, almost causing her to fall down a flight of stairs. Defendant's intent to cause physical injury and to harass, annoy or alarm was fairly inferred from his actions (see People v Gordon, 23 NY3d 643, 650 [2014]). 
Defendant's contention that complainant was intoxicated at the time of the events in question and unable to recall significant facts "distilled merely to a credibility issue" (People v Wrigglesworth, 204 AD2d 758, 760 [1994]), which was for the trier of fact to resolve (see People v Baksh, 43 AD3d 1072, 1073 [2007], lv denied 9 NY3d 989 [2007]). We find no basis on this record to disturb the court's determination to credit the victim's testimony - which was corroborated by photographs, text messages and defendant's apology video, rather than defendant's testimony.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: November 15, 2023