■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY JAMES, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Sullivan County (Hanofee,

J.), rendered May 8, 1986, upon a verdict convicting defendant of two counts of the crime of robbery in the second degree.

On the evening of September 28, 1985 in the Village of Monticello, Anthony Schwab was attacked and robbed. Although unable, because of impaired eyesight, to visually identify his assailants, the victim, also admittedly slightly intoxicated, was nonetheless certain that two men with whom he had just left a convenience store approximately one block from the site of the incident were the culprits, because he heard them as he walked along an otherwise empty street, even after they dropped behind him. It was established by the store clerk that defendant, who admitted to the police that he had been in the store, was 1 of the 2 men with whom Schwab had left.

Schwab had been knocked to the ground and punched or kicked by the two men, who then went through his pockets taking an open pack of Pall Mall cigarettes, a black digital wristwatch, billfold, glasses and money. Following defendant's arrest, the watch and cigarettes were found in clothing initially identified by defendant as his, but later denied when defendant was confronted with these stolen items. Defendant, a second felony offender with a progressively aggressive criminal record, was tried and convicted on two counts of second degree robbery and sentenced to 5 to 10 years' imprisonment on each count, to run concurrently. We affirm.

Both direct and circumstantial evidence were employed to demonstrate defendant's culpability. The direct evidence consisted of the victim's primarily aural identification of the men who left the store with him as being the two whom he then physically felt robbing him (see, Pease v Smith, 61 NY 477, 484-485). The victim's testimony, in conjunction with the store clerk's identification of defendant as 1 of the 2 men who left with the victim and defendant's admission that he had been present in the store, provided the jury with proof free of the need for inference that defendant was 1 of the 2 men who attacked the victim. This, taken together with circumstantial evidence linking defendant to the crime, namely, discovery of the victim's cigarettes, watch, and defendant's pay stub in a jacket and coat the jury quite reasonably credited defendant to be the owner of, was not only legally sufficient, but of ample probative force, to support the jury's verdict (see, People v Bleakley, 69 NY2d 490). Inasmuch as the People's case did not rest entirely upon circumstantial evidence, the "moral certainty" standard which defendant would have us invoke is inapplicable (see, People v Barnes, 50 NY2d 375, 380).

Nor are we persuaded that there was insufficient evidence that the victim sustained "physical injury", an essential element of robbery in the second degree (Penal Law § 160.10 [2] [a]). The Penal Law defines physical injury as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). There is no bright-line rule delimiting what qualifies as "impairment of physical condition" or "substantial pain"; it is generally a question for the trier of fact to determine, although there is an objective level below which it becomes a matter of law. For there to have been physical injury occasioned by impairment of a physical condition, the victim must have been subjected to an attack which goes beyond " 'petty slaps, shoves, [and] kicks' " *(Matter of Phillip A.,* 49 NY2d 198, 200, quoting Temporary Commn on Revision of the Penal Law and Crim Code, Proposed Penal Law, at 330). Since Schwab suffered from no such impairment, defendant's conviction turns on whether Schwab endured "substantial pain". Lingering pain has been found to satisfy the objective level of physical injury *(see, e.g., People v Goico,* 122 AD2d 576, *lv denied* 68 NY2d 812; *People v Thompkins,* 97 AD2d 593).

In the case at hand, the victim testified to assorted pains, many not conclusively traceable to the robbery because of the victim's poor health and failure to seek medical treatment. However, at the time of trial, five months after being mugged, his shoulder still caused him discomfort. This pain was attributed by the victim, without doubt, to the initial blow he received when attacked by defendant and his accomplice. There being facially credible evidence of pain persisting for five months, the issue of whether the victim had suffered a "physical injury" was properly left to the jury to resolve.

Insofar as defendant asserts that his due process rights were violated and his constitutional right to a jury trial chilled in that a presumption of vindictiveness arises when there is a disparity between a plea bargain offered by the prosecution (here, 2½ to 5 years' imprisonment) and the sentence actually imposed by County Court, it suffices to note that if this were so plea bargaining would be pointless, for the accused would have little to lose by proceeding to trial *(see, Bordenkircher v Hayes,* 434 US 357, 363-364; *People v Oliver,* 63 NY2d 973, 975).

We have reviewed the other arguments advanced by defendant and his counsel and find them either unpreserved for appellate review or devoid of merit.

Judgment affirmed. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Harvey, JJ., concur.