■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRVING E. SLAUGHTER, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered March 2, 1987, upon a verdict convicting defendant of the crimes of burglary in the first degree and attempted robbery in the second degree.

A police officer, who was responding to a radio transmission concerning a man peering into windows at 496 Madison Avenue in the City of Albany, observed defendant hurriedly exit from the rear door of that building. Since defendant fit the description in the radio transmission, the officer restrained him, questioned him and placed him in the police vehicle. Further investigation revealed that an intruder had forced his way into the basement apartment of 81-year-old Clarence Gordon, who injured his hip in the scuffle. A friend and neighbor of Gordon, Joseph Shubert, who had telephoned the police after observing defendant's activities in the vicinity of 496 Madison Avenue, came over to assist Gordon. Upon leaving Gordon's apartment, Shubert observed defendant sitting in the police car.

Defendant was indicted on charges of burglary in the first degree and attempted robbery in the second degree. After a jury trial, defendant was convicted as charged, and he was sentenced as a predicate felon to concurrent terms of imprisonment of 12½ to 25 years and 3 to 6 years.

Contrary to defendant's claim on this appeal that it was error to permit peremptory exclusion by the prosecution of the only black venire person on the panel, we find that defendant did not meet the burden imposed in this regard. In order to establish a prima facie case of impermissible discriminatory exclusion, defendant must show not only that he is a member of the same racial group as the excluded juror, but also that the relevant circumstances, including the voir dire questioning, indicate a pattern of exclusion. When this burden is met by defendant, the burden shifts to the prosecution to provide a neutral reason to explain its peremptory challenge *(Batson v Kentucky,* 476 US 79; *see, Roman v Abrams,* 822 F2d 214, 226; *People v Baysden,* 128 AD2d 795). Although the

record does not contain a transcript of the voir dire, that issue need not be considered since defendant has failed to make out a *Batson v Kentucky (supra)* prima facie showing *(see, People v Morales,* 126 AD2d 836, 837).

As to the failure of County Court to suppress Shubert's showup identification of defendant, we believe that Shubert's viewing of defendant sitting in the police car was spontaneous and accidental, and was properly admitted under the second exception stated in *People v Riley* (70 NY2d 523) *(see also, People v Ferkins,* 116 AD2d 760, 763-764).

Defendant contends County Court further erred in failing to charge criminal trespass as a lesser included crime of burglary in the first degree. Although not specified, presumably defendant meant criminal trespass in the second degree *(see,* Penal Law § 140.15). The People concede that, by definition, the crime of criminal trespass in the second degree is a lesser included offense of burglary in the first degree (Penal Law § 140.30 [2]) under the first prong of the test enumerated in *People v Glover* (57 NY2d 61). Defendant's testimony, however, does not provide a reasonable view of the evidence requiring such a lesser charge. There is no reasonable basis for rejecting selected portions of the testimony of Shubert, Gordon and the police officer to credit defendant's version.

Defendant also claims that there was a lack of proof of physical injury to Gordon. Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). There is an objective level below which the matter, ordinarily one for the fact finder, becomes a matter of law *(People v James,* 133 AD2d 507). Petty slaps, shoves and kicks do not meet the standard *(supra),* but lingering pain does *(Matter of Philip A.,* 49 NY2d 198, 200). Testimony of the victim Gordon that his left hip was left sore, bruised and impaired by defendant's attack and that the soreness and impairment persisted at the time of trial, five months after the crime, was sufficient to create a jury question *(see, People v Greene,* 70 NY2d 860; *People v Rojas,* 61 NY2d 726; *People v James, supra).*

Defendant next claims that prosecutorial misconduct occurred in that the prosecutor used perjured testimony and was "overzealous" in his summation. Defendant's claim of perjured testimony is based upon an alleged inconsistency between the police report of the incident and the testimony given by the victim at the Grand Jury and at trial. The police report, however, was not made a part of the record. The prosecution

concedes that an inconsistency exists, but argues that a mere inconsistency does not support defendant's claim of perjured testimony. We agree and note that defendant makes no claim that the police report contains prior statements by the victim *(see, People v Novoa,* 70 NY2d 490). As to the prosecutor's summation, we find nothing so prejudicial about the one comment cited by defendant as to require reversal.

Finally, we find that defendant was not denied the effective assistance of counsel under the standard set forth in *People v Baldi* (54 NY2d 137, 146) *(see also, People v Satterfield,* 66 NY2d 796). Accordingly, the judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.