■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL ROBINSON, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered August 25, 1986, upon a verdict convicting defendant of the crimes of assault in the second degree (two counts) and criminal possession of a weapon in the third degree.

On June 27, 1985, Mark Gaylord, an inmate at Eastern Correctional Facility in Ulster County, returned to his cell after a recreational period and discovered defendant, a fellow inmate. Gaylord ran out of the cell pursued by defendant, who began stabbing him with a sharpened screwdriver. When correction officers finally managed to restrain defendant, Gaylord had been stabbed 18 times in the neck, chest, stomach, back, arms and legs. Gaylord was transported to the hospital, where 11 stitches were required to close his wounds, and he was given shots and medication for the pain. He continued to take medication daily for 6 to 8 months for the sharp pain he experienced. Defendant was indicted on two counts of assault in the second degree and one count of criminal possession of a weapon in the third degree. After a jury trial, he was convicted as charged and sentenced as a predicate felon to concurrent prison terms of 3½ to 7 years.

Initially, defendant maintains that there was a lack of physical injury to Gaylord. Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). The trier of fact must generally make this determination, but there is an objective level below which it becomes a matter of law (People v James, 133 AD2d 507, 509, lv denied 70 NY2d 933). Here, Gaylord's testimony about the sharp pain that he suffered for months and the hospital records revealing that 11 stitches were necessary to close the various wounds amply support the jury's finding that Gaylord suffered a physical injury (cf., Matter of Philip A., 49 NY2d 198, 200; see, People v Ruttenbur, 112 AD2d 13; People v Chesebro, 94 AD2d 897).

Defendant next claims that the prosecution's reference during summation to his prior criminal record mandates reversal. We disagree. The prosecutor stated, "I can't look in [defendant's] mind and tell you why he committed crimes * * * anymore than I can tell you why he murdered three people."

We conclude that the comment was not clearly improper, as it was not made to establish defendant's criminal propensities but, instead, to highlight the fact that the People were not required to prove motive. Moreover, defendant's criminal record was disclosed during his direct examination. In any event, even if the remark was improper, viewed in the context of the record as a whole and the overwhelming proof of guilt,* it was not so egregious as to have deprived defendant of a fair trial *(see, People v Galloway,* 54 NY2d 396, 401; *People v Balls,* 118 AD2d 887, 888-889, *affd* 69 NY2d 641).

Defendant's remaining contentions are similarly unavailing. It was defendant's testimony that correction officers found drugs planted in his cell and promised him that he would not be punished for possession of the drugs if he attacked Gaylord. Defendant maintains that his testimony warranted a charge on duress and that County Court erred in not submitting the defense to the jury. Duress is an affirmative defense and requires, *inter alia,* a showing that defendant "engaged in the proscribed conduct because he was coerced to do so by the use or threatened imminent use of unlawful physical force upon him" (Penal Law § 40.00 [1]). Here, there was no testimony concerning coercion of defendant by physical force *(see, People v Tayeh,* 96 AD2d 1045, 1047), and County Court correctly refused to submit the defense to the jury.

Finally, we find that defendant was not denied the effective assistance of counsel under the standard set forth in *People v Baldi* (54 NY2d 137, 146), considering the record in its entirety *(see, People v Cogswell,* 127 AD2d 871, 872; *People v Reddy,* 108 AD2d 945, 948). Nor is there any basis for a claim that counsel was ineffective if the only showing is that defendant was represented by four different attorneys at various stages of the proceedings *(see, People v Camacho,* 16 NY2d 1064).

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Mercure, JJ., concur.

---

* The prosecution offered as witnesses four correction officers who testified that they saw defendant attack Gaylord with a shiny or sharp object, and defendant admitted on direct examination that he assaulted Gaylord with a screwdriver.