■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE J. BOUYEA, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Madison County (Humphreys, J.), rendered May 14, 1987, upon a verdict convicting defendant of the crime of attempted assault in the second degree.

On August 27, 1986, Lance Mitchell, William Leonard, John Bavo and defendant, all inmates in the Madison County Jail, repeatedly struck another inmate, John Betancourt, about the head and body with their hands and feet. Later, Mitchell struck Betancourt in the leg and defendant slammed his head into the bars of a cell. As a result of these incidents, Betancourt suffered pain, dizziness and nausea, and sustained blurred vision and lacerations to his forehead and finger. He was transported to Oneida City Hospital for medical treatment. Defendant, Mitchell, Leonard and Bavo were indicted, *inter alia,* on one count of assault in the second degree. Bavo and Leonard entered negotiated pleas and, after a joint jury trial, Mitchell was acquitted and defendant was convicted of attempted assault in the second degree. Defendant was sentenced as a predicate felon to a prison term of 1½ to 3 years.

On this appeal, defendant maintains that (1) his motion to dismiss the indictment at the close of the People's case should have been granted, (2) the charge of attempted assault in the second degree should not have been submitted to the jury as a lesser included offense, and (3) County Court abused its discretion in denying his motion for a severance. The contentions are without merit.

Initially, viewing the evidence in the light most favorable to the People *(see, People v Smith,* 55 NY2d 945, 947), we reject defendant's assertion that the indictment should have been dismissed at the close of the People's case because of their failure to present prima facie evidence of physical injury. The Penal Law defines physical injury as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). There is an objective level below which the question, ordinarily one for the fact finder, becomes a matter of law *(People v James,* 133 AD2d 507, 509, *lv denied* 70 NY2d 933). For there to have been injury constituting impairment of a physical condition, the victim must have been subjected to an attack which goes beyond " 'petty slaps, shoves, [and] kicks' " *(Matter of Philip A.,* 49 NY2d 198, 200, quoting Temporary Commn on Revision

of Penal Law and Criminal Code, Proposed Penal Law, at 330). The "substantial pain" required may be satisfied by lingering pain *(see, People v James, supra,* at 509) or short-lived but intense pain *(see, People v Greene,* 70 NY2d 860, 862). Betancourt's testimony that he was in a "great deal of pain", was nauseated, had a headache and took analgesic medication for a number of days, together with the testimony of Dr. David Blair that in his opinion the injuries could cause pain and that Betancourt's physical condition was impaired, was sufficient to create a jury question *(see, People v Rojas,* 61 NY2d 726).

In any event, a trial order of dismissal shall not be granted if the trial evidence is legally sufficient to establish a lesser included offense (CPL 290.10 [1]). The evidence that defendant was confined in a correctional facility and intentionally struck and kicked Betancourt was legally sufficient to establish the lesser included offense *(see,* CPL 1.20 [37]) of attempted assault in the second degree *(see,* Penal Law §§ 110.00, 120.05 [7]) since the jury could reasonably conclude that defendant intended to cause Betancourt physical injury *(see,* Penal Law § 15.05 [1]).

Next, we reject the contention that County Court erred in charging the jury on an attempt because the act committed by defendant was fully consummated. Defendant's reliance upon *People v Dlugash* (41 NY2d 725) and *People v Richette* (33 NY2d 42) in this regard is misplaced. A charge on attempt may be submitted to the jury when, "although there is evidence of a consummation, the proof is also susceptible of a finding of an attempt" *(supra,* at 46). We agree with County Court that there is a "reasonable view of the evidence which would support a finding that the defendant committed [the] lesser offense but did not commit the greater" (CPL 300.50 [1]).

Last, on this record, we are not persuaded that County Court abused its discretion in denying defendant's motion for a severance *(see, People v Bornholdt,* 33 NY2d 75, 86-87, *cert denied sub nom. Victory v New York,* 416 US 905). The governing test is whether a separate trial will impede or assist the administration of justice and ensure the moving defendant a fair trial *(People v La Belle,* 18 NY2d 405, 411; *see, People v Donovan,* 53 AD2d 27, 30-31). Prior to trial, defendant moved for a severance because of his concern about a "transference of guilt" based upon "evidence which will be submitted against other defendants but will not directly concern [me]". On appeal, defendant urges that *People v McGee* (68 NY2d 328), which holds that a defendant is not entitled to a prospec-

tive ruling *(see, People v Sandoval,* 34 NY2d 371) concerning the questions which a codefendant might ask him on cross-examination, mandates reversal. We disagree. Defendant was given the opportunity to renew his motion for severance based upon *People v McGee (supra)* and specifically declined to do so. The claim has not been preserved for our review *(see, supra,* at 334; *see also, People v Ford,* 66 NY2d 428, 433).

Judgment affirmed. Kane, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.