■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENIO MENDEZ, Appellant.—

Defendant and his companion met the complainant on the street and forcibly carried her to an apartment building where they attempted to rape her. On this appeal, defendant contends that the trial court erred by submitting as a lesser included charge the offense of attempted rape in the first degree. Specifically, it is urged that such offense should not have been charged since the complainant testified that an actual rape occurred and, thus, her trial testimony supported rape in the first degree and not attempted rape. Similarly, defendant claims that the trial court had no statutory authority to submit, *sua sponte,* a lesser included offense. Finally, defendant asserts that the prosecutor's statements during summation deprived him of a fair trial. We find no merit to any of these arguments and, therefore, affirm defendant's conviction.

"A charge on attempt may be submitted to the jury when, 'although there is evidence of a consummation, the proof is also susceptible of a finding of an attempt' " *(People v Bouyea,* 142 AD2d 757, 758, quoting *People v Richette,* 33 NY2d 42, 46). Although the complainant stated that she was raped, a detective testified that the physical evidence showed that penetration was not achieved. Thus, the trial court's charge to the jury was correct. Similarly, the court's authority to submit a lesser included offense to the jury is supported by the language of CPL 300.50. As for the issue regarding the People's summation, it is not preserved as a matter of law, and we therefore decline to reach it. Were we to consider this matter in the interest of justice, we would nonetheless find it to be without merit. Concur—Kupferman, J. P., Milonas, Kassal, Wallach and Rubin, JJ.