■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN K. MESSIER, Appellant. [594 NYS2d 453] —Levine, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered July 29, 1991, upon a verdict convicting defendant of the crimes of burglary in the first degree, assault in the third degree and petit larceny.

Defendant was indicted on charges of burglary in the first degree, assault in the third degree and petit larceny for his conduct in entering the home of an 80-year-old disabled man, Andrew Harris, in the City of Troy, Rensselaer County, on September 14, 1988 with intent to commit a crime, causing physical injury to Harris and stealing property consisting of coins. At trial Harris, then age 83, testified that at approximately 10:30 P.M. on the day in question he heard a noise downstairs, rushed down and observed defendant coming out of a bedroom into the kitchen holding a cookie tin containing quarters which was stored in a safe in the bedroom. Defendant kicked him in the chest, knocked him to the ground, jumped on top of him and then left the house. Harris positively identified defendant as his assailant at the trial. Harris was familiar with defendant, who had lived for a period of time with Harris and Harris' daughter and had fathered her child. Harris immediately summoned the police.

On cross-examination the defense attempted to impeach Harris' identification by attacking his ability to observe the perpetrator, suggesting that he had not initially given defendant's name to the police, and that his description of the height and weight of his assailant given to the police was very different from defendant's height and weight.

Troy Police Sergeant Thomas Dean later testified, over defendant's objection, that on the evening of the charged offenses Harris identified defendant as the perpetrator. In addition, two acquaintances of defendant testified that he made admissions to them that he had committed the charged crimes. Defendant presented an alibi defense. He testified and denied the charges or making the admissions. After a jury trial, defendant was convicted as charged. He was sentenced to concurrent prison terms, the longest of which was 8⅓ to 25 years. This appeal followed.

Defendant argues on appeal that the evidence was legally insufficient to establish the element of "physical injury" necessary to establish the crimes of burglary in the first degree and assault in the third degree (see, Penal Law § 140.30 [2]; § 120.00 [1]). Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Whether a victim has suffered "substantial pain" is generally a question for the trier of fact who may consider, among other factors, the subjective reaction and perceptions of the victim, although there is an objective level below which the question is one of law (see, People v Rojas, 61 NY2d 726, 727; Matter of Philip A., 49 NY2d 198, 200). While physical injury requires

evidence of more than " 'petty slaps, shoves, kicks and the like' " *(Matter of Philip A., supra,* at 201, quoting Temporary St Commn on Revision of the Penal Law and Criminal Code, Proposed Penal Law, at 330), lingering pain satisfies the standard *(see, People v Slaughter,* 138 AD2d 835, 836, *lv denied* 72 NY2d 866; *People v Thompkins,* 97 AD2d 593).

In this case, Harris, age 80 at the time of the crimes charged, testified that defendant kicked him in the chest, knocking him to the ground, and jumped on top of him; the two struggled and defendant kicked Harris again. Harris testified that he sustained a cut lip and that he had bruises on his chest, arms, legs and pain "all over", and that the bruises were painful for approximately one full month. He testified it was nearly three months before he could resume his normal exercise routine. While he did not accept medical treatment the night of the incident, when he was examined by his doctor a month later at a prescheduled appointment the doctor observed that his chest was "badly bruised". Photographs admitted into evidence demonstrated the injuries, and the first police officer to respond testified that when he arrived at the scene Harris was "badly bruised and beat up", providing corroboration of his injuries. Consequently, the jury could reasonably conclude that these injuries to this 80-year-old victim were sufficient to sustain the burglary and assault convictions.

Defendant next argues that Dean's testimony that Harris told him the night of the incident that defendant was the perpetrator was improperly admitted to bolster Harris' in-court testimony and identification of defendant. We disagree. On cross-examination, the defense put into issue whether Harris had named defendant as the perpetrator to police when they responded to the scene to attack his in-court identification. In this case, where Harris' ability to observe and identify his assailant was put into issue by the defense, Dean's testimony was properly admitted to rebut the attack and to aid the jury in evaluating Harris' identification testimony *(see, People v Huertas,* 75 NY2d 487, 492-493; *see also, People v Griffin,* 173 AD2d 216, *lv denied* 78 NY2d 1076; *People v Guerra,* 168 AD2d 394, *lv denied* 77 NY2d 906). County Court gave an appropriate limiting instruction indicating that the testimony was admitted only to demonstrate that Harris made the statement and not that Harris' statement was true *(see, People v Huertas, supra,* at 492-493).

Defendant's final ground for reversal is that County Court erred in refusing to admit a police report into evidence during

the cross-examination of Harris. The report is of the initial police interview of Harris and its contents lent support to defendant's contention that Harris misdescribed the perpetrator and failed to identify defendant when first questioned. However, the error, if any, was harmless inasmuch as the jury was informed of its contents and inconsistencies during cross-examination of Harris and direct examination of the police officer to whom Harris gave the description and who completed the report, and the report was ultimately admitted into evidence during that officer's testimony *(see, People v Piazza,* 48 NY2d 151, 164; *see also, People v Crimmins,* 36 NY2d 230, 242).* Finally, we do not find that the sentence imposed was harsh and excessive.

Weiss, P. J., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Rensselaer County for further proceedings pursuant to CPL 460.50 (5).