■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ABRAMS, Appellant. [611 NYS2d 313] —White, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered November 12, 1992, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant, an inmate at Elmira Correctional Facility in Chemung County, was charged with one count of assault in the second degree as a result of an incident which occurred at the facility when he allegedly assaulted a 53-year-old vocational instructor, John Pecchio.

A review of the record indicates that Pecchio, while conducting a class in the paint brush shop, asked defendant why he was not working. Defendant claimed that his back hurt and as Pecchio turned to go to the office to write a report, defendant shouted obscenities at him, stood up and punched him. Pecchio fell to his knees and defendant proceeded to throw or push him into a nearby steel stapling machine, at which point Pecchio fell to the concrete floor where he was punched and kicked numerous times by defendant. As a result of this incident, Pecchio received cuts to his face and his glasses were broken. He was taken to the emergency room where he received shots, X rays were taken and he was treated by several physicians.

At defendant's trial, which occurred over a year after the incident, Pecchio testified that he was still suffering from back and neck pain and numbness in his leg, for which he was taking medication. He also stated that he was having difficulty sleeping and could not sit or drive a car for a long period of time without difficulty. The record also discloses that defendant was a weightlifter who was active in contact sports at the facility. The record further indicates that Pecchio's testimony was corroborated by a correction officer who observed the cuts on the victim's face and his broken glasses shortly after the incident, and also by an inmate who was in the class and described the beating in detail. Defendant's testimony was that Pecchio struck him first and then tripped and fell as he was running away, and that defendant never struck Pecchio.

Even considering that Pecchio suffered from a preexisting back problem as a result of a 1985 injury, which undoubtedly contributed to his current physical problems, there was sufficient evidence for a jury to have found that the injuries received by the victim constituted "physical injury" within the meaning of the Penal Law (see, People v Bogan, 70 NY2d 951; People v Messier, 191 AD2d 819, lv denied 81 NY2d 1017; People v Bailey, 178 AD2d 846, lv denied 79 NY2d 943). Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that the jury's verdict was not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490).

We also find that County Court, after a Sandoval hearing, properly determined that the People could question defendant concerning his prior convictions but could not explore any underlying circumstances. Contrary to defendant's contention, we find that the People complied with the Sandoval ruling.

Defendant's contention that he was denied a fair trial due to his appearance before the jury in leg shackles is without merit because there was ample basis to find that defendant was a threat to courtroom security. County Court, therefore, properly exercised its discretion by requiring leg shackles during the trial but permitting defendant's hands to be free, and the jury was instructed appropriately concerning this matter (see, People v Kilgore, 168 AD2d 830, lv denied 77 NY2d 962).

Defendant also argues that County Court's refusal to allow questioning about Pecchio's preexisting back injury was improper. Defendant was allowed to explore the victim's preexisting injuries during cross-examination, and, in any event,

this matter was not preserved for our review *(see, People v Longo,* 182 AD2d 1019, *lv denied* 80 NY2d 906).

Defendant further contends that County Court erred by refusing to give a requested charge regarding "petty slaps, kicks and shoves" *(Matter of Philip A.,* 49 NY2d 198, 200). Although "petty slaps, kicks and shoves" do not meet the standard for "physical injury", lingering pain does *(People v Slaughter,* 138 AD2d 835, *lv denied* 72 NY2d 866), and a reading of the court's charge indicates that the court properly explained and charged "physical injury". In addition, the charge, taken as a whole and viewed in light of the evidence, was fair and balanced. Thus, the failure to give the requested charge was not reversible error.

Defendant also contends that County Court erred in not submitting to the jury a charge of attempted assault in the second degree as a lesser included offense. Whenever a party submits a request for a lesser included charge, the court must supply that charge if it is theoretically impossible for the defendant to have committed the greater crime without having also committed the lesser crime, and a reasonable view of the evidence would permit the jury to conclude that the defendant committed the lesser crime but not the greater crime *(see, People v Glover,* 57 NY2d 61, 63). While the first prong of the *Glover* test is satisfied, there is no reasonable view of the evidence in this case which would support a finding that defendant committed attempted assault in the second degree. The record is clear that defendant steadfastly denied any assault upon Pecchio, and thus by his own testimony negated the element of intent *(see, People v Walker,* 168 AD2d 983, *lv denied* 77 NY2d 883; *People v Zayas,* 140 AD2d 395, *lv denied* 72 NY2d 869). Where defendant's testimony does not provide a reasonable view of the evidence requiring a lesser charge, there is no error in failing to charge the lesser included offense *(see, People v Slaughter, supra).* Had the jury chosen to believe defendant's theory of defense, it would have acquitted him of assault in the second degree *(see, People v Groom,* 188 AD2d 674).

Finally, defendant contends that the sentence was harsh and excessive. Sentencing is in the discretion of the trial court and this Court will not reduce the sentence in the absence of a clear abuse of discretion or extraordinary circumstances *(People v Simon,* 180 AD2d 866, *lv denied* 80 NY2d 838). A review of the record does not reveal any basis for modifying the sentence.

We have reviewed the other arguments raised by defendant

and find them to be either without merit or not preserved for appeal. We therefore affirm the judgment.

Cardona, P. J., Mercure, Casey and Weiss, JJ., concur. Ordered that the judgment is affirmed.