■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXIMO CEDENO, Appellant. [633 NYS2d 419] —Mikoll, J. P. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered November 20, 1992, upon a verdict convicting defendant of two counts of the crime of attempted assault in the second degree.

Defendant's conviction arises out of a May 1991 riot at Southport Correctional Facility in Chemung County where he was an inmate. Defendant was indicted and charged with two counts of assault in the second degree and one count of promoting prison contraband in the first degree for stabbing a correction officer in the abdomen with a sharpened metal rod. The contraband charge was dismissed before trial. Thereafter, at the close of all the proof, County Court decided to submit to the jury two lesser counts of attempted assault in the second degree. Defendant was convicted of both counts and sentenced to two concurrent prison terms of 2 to 4 years, which were to be served consecutively to the sentence defendant was already serving. This appeal ensued.

Initially, we reject defendant's assertion that County Court should have dismissed the indictment against him rather than submitting the lesser included offenses of attempted assault in the second degree to the jury after the court determined that the proof of physical injury of the correction officer was insufficient to support the assault in the second degree charges. The law is clear that "a trial order of dismissal shall not be granted if the trial evidence is legally sufficient to establish a lesser included offense" (*People v Bouyea*, 142 AD2d 757, 758). Here, our review of the evidence, especially the testimony of the victim and an eyewitness, indicates that the proof was legally sufficient to support the convictions and that the jury's verdict was not against the weight of the evidence (*see, People v Abrams*, 203 AD2d 723, 724, *lv denied* 83 NY2d 963).

Defendant's remaining claims have been examined and

found to be without merit. Although defendant criticizes the trial strategy of his attorney, we find, upon review of the totality of the circumstances, that defendant was not denied the effective representation of legal counsel (*see, People v Venditto,* 171 AD2d 952, 953, *lv denied* 78 NY2d 1130). Finally, we find no error in County Court's determination that defendant's sentences on the attempted assault convictions should run consecutively to the sentence defendant was already serving (*see,* Penal Law § 70.25 [5]).

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.