■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANFRED BERNIER, Appellant. [719 NYS2d 186] —Peters, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered February 10, 1999, upon a verdict convicting defendant of the crime of assault in the second degree.

On July 28, 1998, defendant, an inmate at Great Meadow

Correctional Facility in Washington County, was the subject of a tier III disciplinary hearing. Upon being informed that the hearing would be postponed in order to secure the presence of a witness he had requested, defendant became enraged and punched Hearing Officer Richard Doling in the face, causing his head to snap back and strike the wall behind him.

Defendant was indicted on a charge of assault in the second degree and, following a jury trial, was convicted of the charge. He was sentenced as a second violent felony offender to a prison term of seven years to run consecutively to his prior term of imprisonment. Defendant appeals and we affirm.

Defendant's initial contention that the verdict was not supported by legally sufficient evidence is unavailing. Viewing the evidence in the light most favorable to the prosecution (see, *People v Harper*, 75 NY2d 313, 316), we reject defendant's assertion that the requisite element of "physical injury" was not proven. Doling testified that as a result of the punch, he suffered an abrasion-type cut on his cheek and a deep bone bruise that was extremely sore for over 10 days. He further experienced headaches and required the use of Advil four times a day for over a week to dull the constant pain. Medical testimony confirmed Doling's subjective complaints of pain as a result of the abrasions, contusions and swelling.

Defined by Penal Law § 10.00 (9) as an injury causing "impairment of physical condition or substantial pain," the determination of whether the victim has suffered a "physical injury" is a question of fact for the jury (see, *People v Guidice*, 83 NY2d 630, 636; *People v Cancer*, 232 AD2d 875, 876, *lv denied* 89 NY2d 984). Given this evidence, we conclude that there was a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]; see, *People v Greene*, 70 NY2d 860, 862-863; *People v Travis*, 273 AD2d 544, 548-549; *People v Holloway*, 261 AD2d 658, 660, *lv denied* 93 NY2d 972; *People v Gray*, 189 AD2d 922, 923, *lv denied* 81 NY2d 886).

Nor do we find error in County Court's refusal to instruct the jury that the physical injury sustained by Doling was to be measured by an objective standard. The jury was entitled to consider whether Doling's reaction to and perception of pain qualified as a "physical injury" within the meaning of Penal Law § 10.00 (9), "for pain is subjective and different persons tolerate it differently" (*People v Guidice*, 83 NY2d 630, 636,

*supra*; *see*, *Matter of Philip A.*, 49 NY2d 198, 200; *People v Messier*, 191 AD2d 819, 820, *lv denied* 81 NY2d 1017).

Finally, we find no merit in defendant's contention that his determinate seven-year prison sentence was retaliatory. Since the sentence fell within the statutory limits for a second violent felony offender (*see*, Penal Law § 70.04 [3]) and defendant had an extensive criminal record with a propensity for violent behavior while incarcerated, we do not find the sentence to be either harsh or excessive (*see*, *People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872; *People v Pugh*, 246 AD2d 679, 681, *lv denied* 92 NY2d 882).

Crew III, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.