■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN M. HOGENCAMP, Appellant. [751 NYS2d 134] —Motion for reargument.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is ordered that the motion is granted, without costs, and the memorandum and order dated and entered July 11, 2002 (296 AD2d 662) is vacated and the following memorandum and order is substituted therefor.

Carpinello, J. Appeals (1) from a judgment of the County Court of Delaware County (Estes, J.), rendered February 26, 2001, upon a verdict convicting defendant of the crime of assault in the second degree, and (2) by permission, from an order of said court, entered January 3, 2002, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was indicted on a single count of assault in the second degree as the result of an altercation with another inmate at the Delaware County Jail. Defendant was in jail as the result of an arrest which culminated in his pleading guilty to four counts of burglary in the third degree. After trial on the assault charge, he was convicted and sentenced to a prison term of seven years to run consecutive with his previous sentence on the burglary conviction. His postconviction motion to vacate the judgment was denied. He now appeals from the judgment of conviction and the order denying the postconviction motion.

There is no merit to defendant's claim that the evidence was insufficient to establish that the victim sustained physical injury, which is defined as "impairment of physical condition or

substantial pain" (Penal Law § 10.00 [9]). "Whether a victim has suffered 'substantial pain' is generally a question for the trier of fact who may consider, among other things, the subjective reaction and perceptions of the victim, although there is an objective level below which the question is one of law" (*People v Messier*, 191 AD2d 819, 820, *lv denied* 81 NY2d 1017 [citations omitted]). In this case, defendant bit the victim over the eye, causing a laceration, and during the ensuing scuffle, defendant and the victim fell to the floor, resulting in an injury to the victim's ankle. The facial injury was treated with a disinfectant and, according to the victim, there was swelling and soreness for about a week, while scar tissue remains a problem for him. As a result of the ankle injury, the victim wore an orthopedic boot for a period of several months, during which he had difficulty walking and suffered significant pain. Contrary to defendant's claim, this evidence does not fall short of the objective level necessary to raise a question of fact for the jury to resolve (*compare People v Guidice*, 83 NY2d 630, 636, *and People v Bernier*, 279 AD2d 701, *lv denied* 96 NY2d 797, *and People v Andrews*, 236 AD2d 735, *lv denied* 90 NY2d 890, *with People v Jimenez*, 55 NY2d 895, *and People v McCummings*, 203 AD2d 656). The fact that the victim had a preexisting injury which left his ankle in a weakened condition does not warrant a different conclusion (*see People v Abrams*, 203 AD2d 723, *lv denied* 83 NY2d 963).

Defendant also claims that the evidence is insufficient to establish his intent to cause physical injury, because he was justified in using physical force to defend himself. Justification, however, was submitted to the jury and, in light of the testimony of the victim and two other prosecution witnesses that defendant was the initial aggressor, the record supports the jury's rejection of the justification defense (*see* Penal Law § 35.15 [1] [b]). In addition, the jury could readily infer defendant's intent to cause physical injury from the manner in which he suddenly attacked the victim (*see People v Knapp*, 213 AD2d 740, 741). In considering defendant's challenges to the sufficiency of the evidence, we have reviewed both the legal sufficiency of the evidence and the weight of the evidence (*see People v Bleakley*, 69 NY2d 490) and find no basis to disturb the verdict on defendant's direct appeal.

Although we view the evidence as sufficient to support the jury's finding of guilt, the sentencing minutes reveal that County Court considered the prior burglary conviction when it imposed defendant's seven-year sentence. Since the imposition of that sentence, however, this Court has reversed the judg-

ment of conviction on the burglary charges and dismissed the indictment thereon (*People v Hogencamp*, 295 AD2d 808). Given that reversal and County Court's reliance on the prior conviction, the sentence in this case should be vacated and the matter remitted to County Court for resentencing.

With regard to defendant's postconviction motion, the record discloses that defense counsel provided meaningful representation and there is nothing to demonstrate that any of the alleged deficiencies in the assistance provided by counsel prejudiced defendant (*see People v Horan*, 290 AD2d 880, 884-886). Defendant's newly discovered evidence claim is unavailing because we find that the evidence is not of such a character as to create a probability that, had it been received at trial, the verdict would have been more favorable to defendant (*see* CPL 440.10 [1] [g]). Accordingly, County Court did not err in denying the motion without a hearing.

Cardona, P.J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; matter remitted to the County Court of Delaware County for resentencing; and, as so modified, affirmed. Ordered that the order is affirmed.