■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH TOMPKINS, Appellant. [780 NYS2d 387]—

Mercure, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered September 20, 2002, upon a verdict convicting defendant of the crimes of assault in the second degree and endangering the welfare of a child.

Defendant was charged in an indictment with assault in the second degree and endangering the welfare of a child after injuring his five-month-old daughter. Following a jury trial, defendant was convicted as charged and thereafter sentenced to five years in prison upon the assault conviction and a concurrent term of one year in prison, with three years of postrelease supervision, upon the endangering the welfare of a child conviction. Defendant appeals, arguing, among other things, that his conviction of assault in the second degree is not supported by legally sufficient evidence. We disagree.

As relevant here, "[a] person is guilty of assault in the second degree when . . . [b]eing [18] years old or more and with intent to cause physical injury to a person less than seven years old, the defendant causes such injury to such person" (Penal Law § 120.05 [9]). "Physical injury" is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). " 'Whether a victim has suffered "substantial pain" is generally a question for the trier of fact who may consider, among other things, the subjective reaction and perceptions of the victim, although there is an objective level below which the question is one of law' " (*People v Hogencamp*, 300 AD2d 734, 735 [2002], quoting *People v Messier*, 191 AD2d 819, 820 [1993], *lv denied* 81 NY2d 1017 [1993]).

Here, the victim's mother testified that after the baby was left alone in defendant's care, she observed black and blue marks on the child's cheeks, nose and lip and under the child's eyes. The physician who treated the victim testified that the child had bruising around both eyes, a linear bruise down her right cheek and a laceration on her lip, injuries that were consistent with child abuse. He indicated that the child could not have sustained her injuries through her own actions and that, in his opinion, the injuries would have caused her substantial pain at the time of infliction. In addition, a police officer responding to a call from Child Protective Services stated that the child had a dark line over the edge of her nose and bruising

on both cheeks and under both eyes. We conclude that this evidence did not fall short of the objective level of proof necessary to raise a question of fact for the jury (see *People v Santos*, 289 AD2d 68, 68-69 [2001], *lv denied* 98 NY2d 640 [2002]; *People v Wilkens*, 239 AD2d 105, 105 [1997], *lv denied* 90 NY2d 899 [1997]; *see also People v Brodus*, 307 AD2d 643, 644 [2003], *lv denied* 100 NY2d 618 [2003]). Moreover, the jury could infer defendant's intent from the nature of the child's injuries and the treating physician's testimony regarding the manner in which those injuries were incurred (see *People v Hogencamp*, *supra* at 735).

We have considered defendant's remaining claims, including his argument that his sentence is excessive, and conclude that they are without merit.

Cardona, P.J., Crew III, Peters and Kane, JJ., concur. Ordered that the judgment is affirmed.