Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered May 25, 2007. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and robbery in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]) and robbery in the second degree (§ 160.10 [1]), defendant contends that he was denied his right to a fair trial based on prosecutorial misconduct. According to defendant, the prosecutor engaged in misconduct by asking one of the People’s witnesses to identify three letters written by defendant to her and to another prosecution witness. Defendant further contends that County Court erred in denying his motion for a mistrial based upon that alleged prosecutorial misconduct. We reject those contentions. The record does not support defendant’s contention that the prosecutor knowingly elicited false testimony concerning the letters (see generally People v Leary, 145 AD2d 732, 734 [1988], lv denied 73 NY2d 1017 [1989]; People v *1183 Slaughter, 138 AD2d 835, 836-837 [1988], lv denied 72 NY2d 866 [1988]). In addition, the court instructed the jury to disregard the letters and the testimony concerning them, “and we conclude that the court’s ‘firm control over the trial obviated any prejudice to defendant’ resulting from the prosecutor’s alleged misconduct” (People v Kester, 45 AD3d 1355, 1356 [2007], lv denied 10 NY3d 767 [2008]; see People v Delaney, 42 AD3d 820, 822 [2007], lv denied 9 NY3d 922 [2007]). Defendant’s further contention that the court’s curative instruction was inadequate is not preserved for our review (see People v Santiago, 52 NY2d 865, 866 [1981]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Present—Scudder, P.J., Martoche, Lunn, Peradotto and Green, JJ.