■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE WEDGEWORTH, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered January 14, 1982, convicting him of robbery in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Only one of defendant's contentions warrants discussion, namely, that the trial court erred when it denied his request to charge petit larceny as a lesser included offense of robbery in the second degree.

CPL 300.50 provides, in pertinent part: "1. In submitting a count of an indictment to the jury, the court in its discretion may, in addition to submitting the greatest offense which it is required to submit, submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater. If there is no reasonable view of the evidence which would support such a finding, the court may not submit such lesser offense. Any error respecting such submission, however, is waived by the defendant unless he objects thereto before the jury retires to deliberate. 2. If the court is authorized by subdivision one to submit a lesser included offense and is requested by either party to do so, it must do so. In the absence of such a request, the court's failure to submit such offense does not constitute error".

Clearly, two criteria must be met before a trial court will be required to submit to the jury a charge requested by the defendant: (1) the additional crime proposed must in fact be a lesser-included offense of one for which he was indicted, and (2) there must exist a reasonable view of the evidence to support a finding that the defendant committed a lesser, but not the greater offense (see *People v Blim,* 63 NY2d 718; *People v Glover,* 57 NY2d 61, 63; *People v Ramirez,* 55 NY2d 708; *People v Miguel,* 53 NY2d 920).

Here, the first criterion was unquestionably met. A person is guilty of petit larceny "when he steals property" (Penal Law, § 155.25) and guilty of robbery in the second degree "when he forcibly steals property" under specified circumstances (Penal Law, § 160.10). It would be impossible to commit robbery in the second degree "without concomitantly committing, by the same conduct," petit larceny since the robbery offense is stealing aggravated by force, and hence, "the latter is, with respect to the former, a 'lesser included offense' " (CPL 1.20, subd 37).

As to the second criterion, however, the record before this court does not support a finding that defendant committed larceny but not robbery. Two versions of the events which took place on February 21, 1981 were presented to the jury essentially through the respective testimony of the complainant and the defendant. The complainant testified that defendant, together with his friend Davidson, forced him at gunpoint to surrender his money and gold jewelry. According to defendant, the complainant had expressed a desire to purchase cocaine, in exchange for which he offered his jewelry and a small quantity of money and indeed turned this property over to Davidson, who later gave it to defendant for examination, it was then agreed that defendant and Davidson would drive over to a dealer's house on Howard Avenue to make the transaction. Even when the evidence is viewed in a light most favorable to defendant, as indeed this court must (see *People v Shuman,* 37 NY2d 302, 304; *People v Battle,* 22 NY2d 323), defendant's own testimony negates the principal element of the crime of petit larceny since he stated that the complainant voluntarily turned over the property to Davidson and him. If the jury had chosen to believe defendant, it would have found him not guilty of both petit larceny *and* robbery in the second degree. On the other hand, the complainant's testimony was that the property was forcibly removed from him, and there was no rational basis upon which the jury could have selectively rejected portions of the People's case to reach the conclusion that defendant committed petit larceny but not robbery in the second degree. (See *People v Scarborough,* 49 NY2d 364.)

Consequently, the trial court properly refused to charge petit larceny under the circumstances since to do so would have compelled the jury to resort to sheer speculation (see *People v Scarborough, supra,* p 371; *People v Discala,* 45 NY2d 38, 43; *People v Asan,* 22 NY2d 526, 532).

Defendant's remaining contentions have been examined and found to be without merit. Mangano, J. P., Gibbons, O'Connor and Boyers, JJ., concur.