THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS ZAYAS, Appellant.

The defendant argues that the trial court erred in refusing to charge assault in the third degree (Penal Law § 120.00 [1]) as a lesser included offense of assault in the second degree (Penal Law § 120.05 [2]). Whenever a party submits a request for a lesser included charge, the court must supply that charge if it is theoretically impossible for the defendant to have committed the greater crime without having also committed the lesser, and a reasonable view of the evidence would permit the jury to conclude that the defendant committed the lesser crime, but not the greater *(People v Glover,* 57 NY2d 61). While here the "impossibility" test was satisfied, there was no reasonable view of the evidence which would support a finding that the defendant committed assault in the third degree (Penal Law § 120.00 [1]) and not assault in the second degree (Penal Law § 120.05 [2]).

Even when the evidence is viewed in the light most favorable to the defendant *(People v Glover, supra),* the defendant's own testimony negates the element of intent. If the jury had chosen to believe the defendant, it would have found him not guilty of both assault in the second degree and assault in the third degree *(cf., People v Wedgeworth,* 104 AD2d 915, 916). Furthermore, "there was no rational basis upon which the jury could have selectively rejected portions of the People's case to reach the conclusion that the defendant committed [third degree assault (Penal Law § 120.00 [1]) but not second degree assault (Penal Law § 120.05 [2])]" *(People v Wedge-*

*worth, supra,* at 916, citing *People v Scarborough,* 49 NY2d 364). The trial court accordingly properly refused to charge assault in the third degree since under these circumstances, doing so would have invited the jury to engage in sheer speculation *(see, People v Scarborough, supra,* at 371).

We have examined the defendant's remaining contention and find it to be without merit. Brown, J. P., Weinstein, Spatt and Balletta, JJ., concur.