■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WALKER, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court did not err in refusing to charge reckless assault in the third degree (Penal Law § 120.00 [2]) as a lesser included offense of assault in the second degree (Penal Law § 120.05 [2]). A person acts "recklessly" when he consciously disregards a substantial and unjustifiable risk and his conduct constitutes a gross deviation from the behavior expected of a reasonable person (Penal Law § 15.05 [3]). Defendant testified that the complainant stabbed him in the arm with a knife; that in an attempt to protect himself from serious injury or death, he struggled with her for possession of the knife; and that in the course of the struggle, she suffered the cuts to her arm and a wound in the chest. This evidence, viewed favorably to defendant *(see, People v Henderson,* 41 NY2d 233, 236), supported his claim of justifiable conduct, but negated any claim of reckless conduct as much as it negated a claim of intentional conduct *(see, People v Zayas,* 140 AD2d 395, *lv denied* 72 NY2d 869).

Defendant's claim that the court erred in admitting a police officer's testimony concerning defendant's request for counsel in the course of custodial interrogation was not preserved for our review *(see, People v Frankos,* 110 AD2d 713). Also, defense counsel's objection to expert testimony on relevancy grounds was inadequate to preserve the claim raised on appeal that the testimony was speculative *(see, People v Osuna,* 103 AD2d 719, *affd* 65 NY2d 822). We decline to exercise our discretion to review either issue in the interest of justice (CPL 470.15 [6] [a]). Defendant's remaining claim of error lacks merit. (Appeal from judgment of Monroe County Court, Egan, J.—assault, second degree.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.