◼ The People of the State of New York, Respondent, v Donald Walker, Appellant.—Judgment unanimously affirmed. Memorandum: The court properly refused to charge assault in the third degree as a lesser included offense of assault in the second degree. Viewing the evidence in the light most favorable to the defendant, we find that defendant's own testimony that he acted in self-defense negated any claim of reckless conduct, and that there was no reasonable view of the evidence that would support a finding that defendant committed assault in the third degree and not assault in the second degree *(see, People v Walker,* 151 AD2d 980, *lv denied* 74 NY2d 853; *People v Zayas,* 140 AD2d 395, *lv denied* 72 NY2d 869).

There is no merit to defendant's contention that the People failed to disprove the defense of justification. The victim and defendant argued when the victim accused defendant of taking a necklace. The victim and an eyewitness testified that, during the struggle, the victim disengaged himself from defendant and stepped away. The victim testified that he stopped struggling because defendant said that he would return the necklace. After the victim stepped back, however, defendant grabbed a knife from the kitchen sink and stabbed him. The eyewitness testified that defendant had a sharp object in his hand and that he cut the victim. The evidence, viewed in the light most favorable to the People, was sufficient to disprove the defense of justification beyond a reasonable doubt *(see, People v Martinez,* 149 AD2d 438, *lv denied* 74 NY2d 814).

Defendant did not object to the court's charge on intent and that issue was not preserved for our review *(see,* CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467). In any event, it is without merit *(see, People v Getch,* 50 NY2d 456, 465). Defendant's contention that a 12-year-old robbery conviction was too remote for use on cross-examination was not raised during the

*Sandoval* hearing *(see, People v Sandoval,* 34 NY2d 371). Thus, that issue also was not preserved *(see, People v Osuna,* 65 NY2d 822; *People v Cooper,* 147 AD2d 926, *lv denied* 74 NY2d 738), and likewise has no merit *(see, People v Meli,* 142 AD2d 938, *lv denied* 72 NY2d 921). We decline to reach either unpreserved issue in the interest of justice *(see,* CPL 470.15 [6]).

Finally, we find that defendant's sentence is neither harsh nor excessive. (Appeal from judgment of Erie County Court, La Mendola, J.—assault, second degree.) Present—Callahan, J. P., Doerr, Denman, Balio and Lawton, JJ.