■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAVINDER SINGH, Appellant. [594 NYS2d 283] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered January 28, 1992, convicting him of kidnapping in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the County Court, Rockland County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The facts have been considered and are determined to have been established.

The complainant testified that the defendant, a coworker, forcefully abducted her as she was waiting for their employer to open shop. The defendant allegedly dragged the complainant into his car and drove her to his apartment where he raped her and threatened her life over a period of several hours. The complainant testified that the defendant then drove her to a motel in an adjacent county where the attack continued until the following morning. The complainant's testimony constituted the only direct evidence of the defendant's guilt.

Over the defendant's objection, the court charged the jury on the lesser-included offense of kidnapping in the second degree, concluding that the jury could find that the defendant abducted the complainant without having committed the additional aggravating elements of kidnapping in the first degree.

Viewed in a light most favorable to the defendant *(see, People v Martin,* 59 NY2d 704), we find that under the facts of this case there is no reasonable view of the evidence which would support a finding that the defendant committed kidnapping in the second degree but did not commit kidnapping in the first degree *(see,* CPL 300.50; *People v Glover,* 57 NY2d 61). Although the jury was free to accept or reject part or all of the defense or prosecution evidence *(see, People v Henderson,* 41 NY2d 233, 236), it may not arbitrarily or irrationally dissect the integrated testimony of a single witness *(People v*

*Scarborough,* 49 NY2d 364, 373-374; *see also, People v Rodriguez,* 154 AD2d 487; *People v Mongen,* 157 AD2d 82, 84-85; *People v Miller,* 156 AD2d 265; *People v Zayas,* 140 AD2d 395; *People v Wedgeworth,* 104 AD2d 915). In the present case there is no rational basis upon which the jury could have credited the complainant's testimony regarding the abduction and yet have found it incredible with respect to the elements of kidnapping in the first degree, *i.e.,* that the defendant restrained the complainant for more than 12 hours with intent to violate her sexually *(see,* Penal Law § 135.25 [2]). Therefore, the trial court erred in submitting the lesser-included offense to the jury and the defendant's conviction on this charge must be reversed.

In view of the foregoing, we need not reach the defendant's remaining contentions. Bracken, J. P., Balletta, O'Brien and Ritter, JJ., concur.