THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAPOLEAN WHEELER, Appellant. [652 NYS2d 59] —Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered April 25, 1995, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in failing to charge the jury on assault in the third degree (Penal Law § 120.00 [2], [3]) as a lesser included offense is without merit. The evidence adduced at trial established that the defendant either acted intentionally, or acted reflexively—without any awareness, but there was no reasonable view of the evidence from which the jury could find that the defendant acted recklessly or with criminal negligence. Therefore, the trial court correctly declined to charge assault in the third degree (Penal Law § 120.00 [2], [3]) as a lesser included offense (*see, People v Zayas,* 140 AD2d 395; *see generally, People v Van Norstrand,* 85 NY2d 131; *People v Glover,* 57 NY2d 61).

The defendant's further contention, that the trial court erred by refusing to admit into evidence several pages of the *Huntley* hearing transcript as a prior inconsistent statement by Police Detective Kouril, is also without merit. The relevant testimony

was read into the record, the detective conceded the inconsistency, and defense counsel emphasized the inconsistency on cross examination (*see, People v Piazza,* 48 NY2d 151, 164; *People v Windley,* 221 AD2d 577). The trial court's refusal to admit the actual transcript pages into evidence was not an improvident exercise of discretion (*see, People v Piazza, supra,* at 164-165).

Finally, the sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Sullivan, J. P., Krausman, Florio and McGinity, JJ., concur.