■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY H. BREWER, Appellant. [697 NYS2d 758] —Crew III, J. Appeal from a judgment of the County Court of Essex County (Teresi, J.), rendered December 4, 1998, which resentenced defendant following his conviction of the crimes of assault in the

second degree, criminal possession of a weapon in the third degree and promoting prison contraband in the first degree.

Defendant was indicted and charged with assault in the second degree, criminal possession of a weapon in the third degree and promoting prison contraband in the first degree arising out of an incident that occurred at Adirondack Correctional Facility in Essex County on February 27, 1997. Following a jury trial, defendant was found guilty as charged and sentenced to an indeterminate term of imprisonment of 3½ to 7 years on each count of the indictment, such sentences to run concurrently to one another and consecutively to the sentence defendant was serving at the time of the aforesaid incident. Defendant now appeals.

On this appeal, defendant raises numerous issues, only a few of which merit any extended discussion. First, we reject defendant's contention that County Court erred in failing to charge the lesser included offense of attempted assault in the second degree. To be sure, the requested charge is a lesser included offense of the charge contained in the indictment inasmuch as it is theoretically impossible for defendant to have committed assault in the second degree without also having committed the lesser crime of attempted assault in the second degree (*see, People v Abrams*, 203 AD2d 723, 725, *lv denied* 83 NY2d 963). Accordingly, the only issue here is whether any reasonable view of the evidence would have permitted the jury to conclude that defendant committed the lesser, but not the greater (*see, People v Glover*, 57 NY2d 61). Our review of the record convinces us that there is no such reasonable view. Here, defendant conceded that he was in a physical altercation with the victim but claimed that his conduct constituted self-defense. Accordingly, by reason of defendant's own testimony, no reasonable view of the evidence would have permitted the jury to conclude that he committed the lesser crime but not the greater.

Defendant also contends that he was denied the effective assistance of counsel because, *inter alia*, his attorney failed to call certain witnesses who were subpoenaed and present at the trial and because counsel opened the door to cross-examination regarding the underlying circumstances of defendant's prior conviction of murder. It is clear from a review of the record that defense counsel called two witnesses on behalf of defendant. Defendant claims in his brief on appeal that there were an additional three witnesses subpoenaed and present at trial who were not called by defense counsel. We are unable to determine from a review of the record that the alleged failure

to call such witnesses prejudiced defendant and thus constituted ineffective assistance of counsel (*see, People v Baldi*, 54 NY2d 137). For all we know, their testimony would have been cumulative and counsel's failure to call them to the stand constituted a strategical trial decision.

As to the cross-examination issue, at the time of the *Sandoval* hearing, defense counsel strenuously objected to the use of defendant's prior murder conviction for impeachment purposes but was overruled by County Court. Having taken the stand, the People elicited, on cross-examination, that defendant previously had been convicted of murder. On redirect examination, defense counsel asked defendant to describe the facts leading to said conviction, and it is that inquiry that prompts defendant to claim ineffective assistance of counsel inasmuch as it "opened the door" for recross-examination of defendant in that regard. We disagree. As urged by the People, defendant's credibility was severely impaired upon the revelation that he previously had been convicted of murder, and it cannot be said that it was not a matter of defense strategy to permit defendant to explain the underlying facts of that conviction in an effort to ameliorate the damage done. As the case law instructs, we should not second-guess such strategic determinations (*see, People v Benevento*, 91 NY2d 708, 712-713). We have reviewed defendant's remaining contentions and find them to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed.