■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RUGGIERO, Appellant. [724 NYS2d 348] —Appeal by the defendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered May 3, 1999, convicting him of robbery in the first degree, robbery in the third degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Under either the complainant's or the defendant's version of the facts, the trial court properly declined to charge petit larceny as a lesser-included offense of robbery in the third degree. Accepting the complainant's assertion that force was used, no reasonable view of the evidence would support a finding that the defendant committed the lesser crime of petit larceny but not the greater crime of robbery in the third degree. Accepting the defendant's assertion that the complainant voluntarily gave him the money, the principal element of petit larceny is negated (see, *People v Wedgeworth*, 104 AD2d 915).

Contrary to the defendant's contention, the *Allen* charge (see, *Allen v United States*, 164 US 492) was appropriate in light of the short length of time that the jurors deliberated before informing the court that it could not agree on a verdict for two of the three counts (see, *People v Ford*, 78 NY2d 878).

The defendant's remaining contentions concerning the content of the charge are unpreserved for appellate review, since he neither requested a specific charge nor objected to the charge as given (see, *People v Kendrick*, 256 AD2d 420).

In addition, the trial court properly determined that juror number seven was not grossly unqualified. That juror advised the court that she could serve after learning that her financial concerns were not a basis to be excused from jury duty (see, *People v Rodriguez*, 71 NY2d 214, 218-219; *People v Molette*, 129 AD2d 651, 652-653).

The defendant's sentence was not excessive (see, *People v Suitte*, 90 AD2d 80). Altman, J. P., Krausman, Luciano and Cozier, JJ., concur.