■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD MARTIN, Appellant. [759 NYS2d 176] —Appeal by the defendant from a judgment of the County Court, Nassau County (LaPera, J.), rendered November 14, 2000, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Ort, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We find, as did the hearing court, that there was an independent basis for the complainant's in-court identification of the defendant. Although the robbery occurred at night, the

complainant was able to observe the defendant from the light cast by a street light as well as a light above the front door of the house they were standing under prior to the robbery (*see People v Dixon,* 158 AD2d 467 [1990]).

The trial court properly refused to charge petit larceny as a lesser-included offense of robbery in the first degree (*see People v Asan,* 22 NY2d 526, 532-533 [1968]; *People v Ruggiero,* 282 AD2d 765 [2001]; *People v Wedgeworth,* 104 AD2d 915 [1984]).

The defendant further contends that he was denied his statutory right to testify before the grand jury. However, by failing to move to dismiss the indictment within five days of his arraignment, the defendant waived that contention (*see* CPL 190.50 [5] [c]; *People v Ali,* 292 AD2d 538, 539 [2002], *lv denied* 99 NY2d 554 [2002]).

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Santucci, J.P., Luciano, Townes and Rivera, JJ., concur.