■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ARTIS, Appellant. [779 NYS2d 24]—

Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered March 7, 2002, convicting defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent terms of 10 years and 1 year, respectively, unanimously affirmed.

The evidence disproved defendant's justification defense beyond a reasonable doubt. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94 [1903]). The credible evidence established that the victim did not produce a knife until after defendant had already broken the victim's arm with a bat. Moreover, defendant had the opportunity to retreat from the encounter but failed to do so.

The court properly declined to submit intentional assault in the second degree under a theory of intent to cause physical injury (Penal Law § 120.05 [2]) or under a theory of recklessness (Penal Law § 120.05 [4]) as lesser included offenses of assault in the first degree since there was no reasonable view of the evidence, viewed most favorably to defendant, that he committed either of the lesser offenses but not the greater. There was nothing in either the People's or defendant's version of the incident that would support a reasonable view that defendant acted recklessly or with intent to only cause ordinary physical injury (*see People v Saunders*, 210 AD2d 164 [1994], *lv denied* 84 NY2d 1038 [1995]; *People v Walker*, 168 AD2d 983 [1990], *lv denied* 77 NY2d 883 [1991]).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.