■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SASHA S. MASRI, Appellant. [998 NYS2d 903]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Grella, J.), rendered August 14, 2013, convicting him of attempted assault in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Nassau County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

After a nonjury trial, the defendant was acquitted of, among other charges, assault in the third degree, but was convicted of the lesser-included offense of attempted assault in the third degree, which was considered by the Supreme Court over the defendant's objection.

Under the circumstances of this case, the Supreme Court erred in granting the People's request to consider the lesser-included offense of attempted assault in the third degree, since there was no reasonable view of the evidence that the defendant committed the lesser offense, but not the greater offense of assault in the third degree (*see* CPL 300.50; *People v Brewer*, 266 AD2d 577, 578 [1999]). Contrary to the People's contention, there is no reasonable view of the evidence that the defendant attempted to assault the complainant, but was unsuccessful in doing so (*see* Penal Law §§ 120.00, 110.00; *People v Brooks*, 278 AD2d 501 [2000]; *People v Brewer*, 266 AD2d at 578). Accordingly, the defendant's conviction must be reversed (*see People v Singh*, 191 AD2d 470 [1993]).

In view of the foregoing, we need not reach the defendant's remaining contention. Balkin, J.P., Hall, Austin and Barros, JJ., concur.