People v Rivera (2022 NY Slip Op 03974)

People v Rivera

2022 NY Slip Op 03974

Decided on June 16, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 16, 2022

Before: Acosta, P.J., Kapnick, Friedman, Mendez, Higgitt, JJ. 

Ind No. 2700/14 Appeal No. 16135 Case No. 2018-2111 

[*1]The People of the State of New York, Respondent,
v
Jason Rivera, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Shane Magnetti of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Lester B. Adler, J.), rendered August 29, 2017, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 18 years to life, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Moreover, the evidence overwhelmingly disproved defendant's justification defense, regardless of whether the victim was the initial aggressor or first struck defendant with a pipe. Eyewitness testimony and a cell phone video established that defendant savagely beat the victim with the pipe after the victim had fallen to the sidewalk and was motionless. At that stage of the encounter, the 80-year-old victim was disarmed and helpless, and no longer posed any threat to the safety of defendant or his son (see People v Bolling, 7 NY3d 874, 875 [2006]; People v Artis, 8 AD3d 135 [1st Dept 2004], lv denied 3 NY3d 670 [2004]). In addition, once the victim was disarmed and on the ground, defendant plainly had the opportunity to retreat in complete safety by simply walking away with his son.
The court providently exercised its discretion in denying defendant's request for a missing witness charge regarding the person who recorded the video admitted into evidence. The authentication of the video is not at issue on appeal. At trial, the People's arguments in opposition to the charge sufficiently met their burden of demonstrating that the uncalled witness's testimony would have been cumulative (see People v Smith, 33 NY3d 454, 459-460 [2019]). The video depicted the same events that the witness's testimony would have addressed. Although defendant argues that the witness may have observed events that occurred before he started videotaping the incident, such as violent behavior by the victim, this would have had little or no relevance to the issue of whether defendant was justified in beating the victim with the pipe after any threat had abated. In any event, any error in failing to give a missing witness charge was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230, 242 [1975]).
The court also providently exercised its discretion in precluding defendant from introducing hearsay evidence purportedly demonstrating defendant's state of mind, including his alleged knowledge that the victim had a reputation for violence or had committed violent acts. First, the evidence, as it was offered during trial, was too remote and tenuous to establish any such awareness or any other relevant matters. Furthermore, although evidence of a defendant's awareness of the deceased's violent reputation or history normally has a bearing on a justification defense (see People v Miller, 39 NY2d 543, 552-553 [1976]), here it would not have supported a claim that defendant was justified in beating his disarmed and helpless victim. Defendant did not preserve his claim that the preclusion of this [*2]testimony deprived him of his constitutional right to present a defense (see People v Umali, 10 NY3d 417, 428-429 [2008], People v Lane, 7 NY3d 888, 889 [2006]; see also Smith v Duncan, 411 F3d 340, 348-349 [2d Cir 2005]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see Crane v Kentucky, 476 US 683, 689-690 [1986]).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2022